ALFRED HOUSTON v. A. D. McGOWEN and others.

### Sheriff's Deed—Description of Land.

On the trial of an issue as to the quantity of land conveyed in a Sheriff's deed, there was conflicting evidence as to whether a 1900 acre tract or 950 acres out of the tract had been sold; it appeared that the levy was "upon his (plaintiff's) interest in 950 acres located in Cypress Creek District," &c., and the return of sale was "the 950 acre tract levied on" &c.; the Sheriff's deed was for 1750 acres (leaving out 50 acres) and for 100 acres, and it was in evidence that the Sheriff sold it as the plaintiff's interest in 950 acres, and proclaimed at the sale that he would sell all the interest which the plaintiff had in all his land in that district, and that plaintiff who was present at the sale knew of the Sheriff's mistake and did not correct it; the jury found that the defendant bought and the Sheriff sold the whole interest of the plaintiff in the 1900 acre tract; *Held*, that the verdict of the jury is conclusive and that the plaintiff can not recover.

SPECIAL PROCEEDING commenced in the Probate Court and upon issues joined, removed to and tried at Spring Term, 1877, of DUPLIN Superior Court, before *Seymour J.*

The plaintiff alleged that he was tenant in common with the defendants in certain lands (1900 acres) lying on Cypress Creek in Duplin County, and from the rent of which the defendants had received a considerable sum of money, and asked that an account be taken of the amount of said rent to the end that he may have judgment for the same.

In 1869 judgments were obtained against the plaintiff and his interest in said land was sold at execution sale and bought by the defendants, who claimed the same under a deed executed to them by the Sheriff.

There was conflicting evidence as to whether the Sheriff levied upon and sold the plaintiff's interest in 1900 acres, or in 950 acres of land, and upon that issue the jury found that he sold his interest in 1900 acres. The plaintiff moved for judgment according to his complaint, notwithstanding

the verdict, which was refused. Judgment for defendants. Appeal by plaintiff. (See *Williams* v. *Houston*, 71–163.)

*Mr. H. R. Kornegay*, for plaintiff.
*Messrs. W. A. Allen & Son* and *J. N. Stallings*, for defendants.

READE, J. What did the Sheriff sell? is the question. Did he sell the plaintiff's interest in the tract of land of 1900 acres? or did he sell his interest in 950 acres of land? There ought not to have been any difficulty about it, for a Sheriff ought always to ascertain what it is he is about to sell, and to put it to sale at the best advantage. And if he fails to do so he is liable to the person interested, in damages. And if the purchaser at such unfair sale is in complicity with the Sheriff, the sale itself may be avoided.

Here there was conflicting evidence as to whether the Sheriff sold a 1900 acre tract, or 950 acres out of a tract, and the levy does not help us out of the difficulty, for that is "upon his interest in 950 acres located in Cypress Creek District, adjoining the lands of," &c. The return of sale is a little more definite, being "the 950 acre tract of land levied on," &c., showing that it was not a *part* of a tract but *a tract* of land. And the Sheriff's deed is for 1750 acres leaving out 50 acres, and for 100 acres all of which added make 1900 acres. Surely the Sheriff ought not to have discharged his duty so carelessly. His imperfect excuse is, as we suppose, that the plaintiff who was then the defendant in the execution was tenant in common with another in a 1900 acre tract, his undivided interest being equal to 950 acres. And the Sheriff confusedly called it his interest in 950 acres, which was half of the 1900 acre tract, and the plaintiff in this case who was defendant in that, is more in fault than the Sheriff, for he was present at the sale, knew of the Sheriff's mistake, and did not correct it, and called a

·witness' attention to it, probably for the purpose of making a fuss about it.

Although there was all this irregularity, yet the Sheriff swears that he intended to sell, and proclaimed that he would sell, and did sell, all the interest which the then defendant had in all his land in that District, and that his deed to these defendants by metes and bounds covers the 1900 acres.

And to put the matter beyond dispute, so far as we can consider it, the jury found that these defendants bought, and the Sheriff sold the whole interest of this plaintiff in the 1900 acres.

The Sheriff having in his hands a *fi. fa.* and *ven. ex.* conferring upon him a power of sale, the question is not so much what did he levy on, as what did he sell?

The jury find that he sold the debtor's interest in the whole 1900 acres, and that is conclusive. There is no force in the other objections. There is no error. This will be certified. The defendants will recover costs in this Court.

No error.

PER CURIAM.                     Judgment affirmed.