## L. W. MILLER v. BETSY J. MILLER.

*Homestead, duty of sheriff in laying off—Deputy Clerk, powers of—Sheriff's Deed—Execution Sale—Evidence.*

1. Where land is subject to the payment of debts against which, under the constitution, the right of homestead does not prevail, and the debtor has no other property but the land which is of less value than one thousand dollars, the sheriff need not have the homestead laid off in order to a sale under execution. See preceding case—*Mebane* v. *Layton.*

2. And the deed of the sheriff to the purchaser in such case is not affected by his failure to lay off the homestead.

3. A deputy clerk has power to issue executions in the name of the clerk, and may perform all the duties of the office, except such as are judicial in their character, or where a statute specifically provides otherwise.

4. Recitals in a sheriff's deed are *prima facie* evidence of an execution sale, notwithstanding the return upon the execution may be imperfect. The fact that there was a sale may also be proved by parol.

5. *Held further*, that parol testimony is admissible to show that the land levied upon was sold as one tract, though described in the sheriff's deed as two tracts. (The evidence in this case goes to show that the land was designated and sold in one body).

6. *Held also*, that the deed in such case, reciting in substance the execution under which the land was sold, and purporting to convey title to the purchaser and his heirs, shows that the sheriff exercised his power in the premises, and conveys the title of the defendant in the execution.

(*Wilson* v. *Patton*, 87 N. C., 318; *Albright* v. *Albright*, 88 N. C., 238; *Shepherd* v. *Lane*, 2 Dev., 148; *Coletraine* v. *McCain*, 3 Dev., 308; *Sudderth* v. *Smyth*, 13 Ired., 452; *Hardin* v. *Cheek*, 3 Jones, 135; *McKee* v. *Lineberger*, 87 N. C., 181; *Rollins* v. *Henry*, 78 N. C., 342; *Jackson* v. *Jackson*, 13 Ired., 159; *Houston* v. *McGowen*, 78 N. C., 370, cited and approved).

EJECTMENT tried at Spring Term, 1882, of ASHE Superior Court, before *Avery, J.*

The facts bearing upon the exceptions taken, necessary to an understanding of the case, are sufficiently stated in the opinion of this court. The defendant appealed from the judgment of the court below.

MILLER v. MILLER.

*Mr. Q. F. Neal,* for plaintiff.
*Mr. J. W. Todd,* for defendant.

MERRIMON, J.   We think that no one of the exceptions speci-
fied in the record can be sustained.

1. It is insisted that the court erred in refusing to charge the
jury that the sheriff's deed was void, because he failed to have a
homestead laid off to the defendant in the land sold.

The constitution provides that the homestead shall not be
exempt from sale under execution or other final process for the
payment of obligations contracted for the purchase of the prem-
ises.   Art. X, §2.

It appears that the debt for which the land was sold was con-
tracted for, and only for, the purchase money of the land; that
the defendant had no personal property; that the land sold was
all she had at the time of the docketing the judgment, and next
thereafter, until the sale was made, and that it was not worth
one thousand dollars.   It would have been nugatory to lay off
the supposed homestead; indeed, there was nothing to lay off,
for the whole was subject and necessary to the payment of the
judgment creditor's debt for the land.   Where it appears that
the debt for which the land is to be sold is for taxes; for the
purchase money of the land; is secured by a laborer's or me-
chanic's lien; or for a debt contracted before the adoption of the
state constitution, and that the land is worth less than one thou-
sand dollars, and the same is all the property the debtor has that
may be sold to pay such debt, it is not necessary that the sheriff
shall have the homestead laid off, because, in such case, the land
is not exempt from sale and cannot be.   It would be idle to go
through with the empty form of seeming to lay off to the debtor
something, when in fact he is to get nothing!   The law does not
require a vain thing to be done.

Where the homestead prevails, the creditor gets what is over
the exemption, and the law requires it to be laid off, to the end
that what remains may be seen and sold.   But where the home-

stead does not prevail, the debtor takes what is left after the debt is paid. If nothing is left, the laying off the homestead would have nothing to operate upon, and it would be useless. It would be otherwise, however, if the debtor had property sufficient to pay the judgment, against which no exemption prevails, and judgments whose liens antedate the last mentioned judgment; for the law favors the homestead. And if the debt that may, if need be, prevail against it, can be paid without selling it, this must be done. The classes of debts that prevail against the homestead do not so prevail necessarily and at all events, but they do so only when to sell it is necessary to pay them. *Wilson* v. *Patton,* 87 N. C., 318; *Albright* v. *Albright,* 88 N. C., 238.

If the personal property over the exemption and the real property of the debtor will more than pay the judgment that prevails against the homestead, then, in that case, the homestead should be laid off, so that the excess may first be sold; and the sheriff will be in peril if he fails to have this done. Indeed, the sheriff will not be safe in any case when he fails to have the homestead laid off, unless it turns out that the debtor could not have homestead in any measure. It may happen that the debtor will get a homestead of less value than one thousand dollars: it cannot exceed that sum.

So, the court properly refused to charge the jury that the deed was void because the homestead had not been laid off.

2. It is also insisted that the court erred in declining to charge the jury that the execution under which the sheriff sold the land was void, because it was issued by the deputy clerk of the court.

Such clerks are allowed by law. THE CODE, §75. They are required to take an oath of office, and, for a period in the past, have generally issued writs in the name of their principal. They may do all acts the clerk may do, except such as are judicial in their character, or such as a statute may require specially to be done by the clerk himself. While perhaps there is no decision of this court affirming the power of such clerks to issue

writs or executions in the name of their principal, it has repeatedly impliedly recognized such power as existing. At the present term, the court has held in *Jackson* v. *Buchanan, ante,* 74, that a deputy clerk might issue a warrant of attachment. See also *Shepherd* v. *Lane,* 2 Dev., 148; *Coletraine* v. *McCain,* 3 Dev., 308; *Sudderth* v. *Smyth,* 13 Ired., 452. If the deputy clerks were not allowed to do such service, much of their usefulness would be destroyed. The very purpose of creating the office of "deputy clerk" was to help the dispatch of public business, and to provide for the same when the clerk might be necessarily absent from his office, or unable for any cause to give personal attention to his official duties. Rev. Code, ch. 19, §15. The exception is groundless.

3. It is further objected that there was no sufficient evidence of a sale of the land by the sheriff.

The judgment and the execution under which the land was sold were in evidence. The return of the sheriff upon the execution was imperfect, but this is by no means a fatal defect. That a sale was made, might be proved by parol evidence: But the deed of the sheriff was in evidence, and the recitals in it are competent to show, *prima facie,* that a sale was made. The deed recites that the land was sold for cash on the 29th day of April, 1878, at the court-house door, &c. *Hardin* v. *Cheek,* 3 Jones, 135; *McKee* v. *Lineberger,* 87 N. C., 181; *Rollins* v. *Henry,* 78 N. C., 342. This exception cannot avail the defendant.

4. It was objected that the execution, in terms, was levied upon one tract of land, while the sheriff's deed specified two.

Now the docketed judgment was a lien upon all the defendant's land in the county of Ashe. The levy was not essential: it only served to indicate the land to be sold, and this might be done otherwise. It sufficiently designated the land embraced by the deed. The material part of it is in these words: "Levied this execution upon the tract of land whereon the defendant now lives, on the waters of Bear creek, adjoining the lands of Jo.

MILLER *v.* MILLER.

Bass and others—number of acres not known—this execution being for the purchase money for said land." In the deed the land is specifically described as two tracts. It appears from the record that the judgment indicated the land described in the deed; that the deed described the land where the defendant lived at the time of the levy and sale; that the whole body contained sixty acres, and was considered as one tract and known as the land on which the defendant lived at the time of the levy and sale. The defendant said she lived on one of the two adjoining tracts, and got her wood off the ten-acre tract on which she had no clearing. It further appeared that the note on which the judgment was founded was given for the land embraced by the deed. The evidence all goes to show, and the jury in effect found, that the land was designated and sold as one body. In such a case it was competent to show by parol testimony that the land levied upon, although specifically described as two tracts, was regarded and levied upon and sold as one. *Jackson* v. *Jackson*, 13 Ired., 159; *Houston* v. *McGowen*, 78 N. C., 370.

5. It is insisted that the deed of the sheriff does not convey the *title of the defendant.*

This objection cannot be sustained. The deed recites the substance of the execution against the defendant, the levy of the same "on the lands and tenements of the said Betsy Jane Miller, herein defendant," the sale, &c., and then it purports to convey to the purchaser and his heirs "all the right, title and interest of the said land * * * to have and to hold said land and premises with its improvements and appurtenances," &c. The sheriff had power by virtue of the judgment, the execution and his office, to sell the land and convey the title thereto as the land of the defendant. The deed upon its face and by its terms, by its recitals, its purpose and its force and effect, shows that the sheriff did exercise his power and authority to sell and convey the title to the land of the defendant, and all her interest in the same.

There is no error, and the judgment must be affirmed. It is accordingly so ordered. Let this be certified.

No error. Affirmed.