FLOYD D. BECK AND WIFE, CALLIE BECK, v. CARL E. VONCANNON AND
WIFE, MARGIE VONCANNON, AND RALPH J. RAINEY AND WIFE,
FRANCES F. RAINEY.

(Filed 20 May, 1953.)

**1. Clerks of Court § 2—**

A deputy clerk appointed by the clerk under authority of G.S. 2-13 is
not an independent officer of the court but has only derivative authority,
and must do all things in the clerk's name except where statute expressly
provides otherwise.

**2. Same: Process § 1—**

While summons must be signed by the clerk, it may be issued by a
deputy clerk as a ministerial act, but in such instance the deputy should
sign the name of the clerk by her as deputy.

**3. Process § 14—**

If the summons shows upon its face that it emanated from the office of
the clerk as an official paper and was intended to bring the defendant into
court to answer the complaint of plaintiff, it is sufficient to confer juris-
diction on the court, and formal defects appearing thereon will be treated
as nonjurisdictional irregularities and subject to amendment.

**4. Same: Judgments § 18—**

The regular printed form of summons was issued signed by the deputy
clerk of the court. *Held:* Although the summons should have been issued
in the name of the clerk, the defect was a nonjurisdictional irregularity,
and proper service of the summons was sufficient to give the court jurisdic-
tion so that its judgment rendered in the action is not void, and will not be
disturbed for such irregularity in the absence of a showing of prejudice.

**5. Taxation § 40g—**

The sale of land for taxes pursuant to judgment of foreclosure will not
be disturbed on the ground that the judgment directed the commissioner
to sell two tracts of land belonging to the judgment debtors while sale and
confirmation was had only as to one tract because of the payment of the
taxes on the other tract pending the proceedings, since such irregularity
could not have prejudiced tax debtors.

**6. Same—**

Where it is admitted that the tax sale was conducted fairly and openly
without suppression of bidding or any element of fraud, the record sup-
ports the court's finding that the sale price was adequate, and tax debtors
may not successfully attack the sale for inadequacy of the sale price.

**7. Same—**

Where judgment of tax foreclosure directs that the land be sold free
and clear of all encumbrances, the fact that the sale is made subject to
all outstanding city and county taxes is insufficient to set the sale aside
in the absence of a showing of prejudice.

**8. Appeal and Error § 29—**

> Exceptions not brought forward and discussed in the brief are deemed abandoned.

**9. Judgments § 25—**

> The proper remedy to attack a judgment for nonjurisdictional irregularities is by motion in the cause and not by independent action, but the summons and complaint in such independent action may be treated as a petition and motion in the cause when instituted in the same county.

APPEAL by plaintiffs from *Moore, J.,* at November Term, 1952, of ROWAN.

Civil action to set aside and remove as a cloud on the title to land, judgments and all other proceedings in a previous tax foreclosure action.

The land in controversy consists of nine vacant lots located just inside the town of Rockwell in Rowan County. It is admitted that the plaintiffs herein owned the lots up to the time of the tax foreclosure action. The defendants herein claim title under the foreclosure action.

The plaintiffs allege in their complaint that the summons in the foreclosure action was fatally defective and wholly ineffectual to bring them into court, and that therefore all proceedings in the action were and are utterly void. The complaint also sets out a number of alleged procedural defects in the foreclosure proceeding. These are sufficiently discussed in the opinion.

The parties by written stipulation waived jury trial and agreed that the presiding judge should hear the case, find the facts, and render judgment.

The controlling facts found may be summarized as follows:

1. The tax foreclosure action, entitled "Rowan County *v.* Floyd D. Beck and wife, Callie Beck, *et al.,*" was entered on the summons docket of the Clerk of the Superior Court of Rowan County on 13 June, 1949, and regular form printed summons was issued from the Clerk's office that day commanding the Sheriff of Rowan County to summon the defendants therein named.

2. Near the bottom of the summons was printed the words "Clerk Superior Court of Rowan County." A duly qualified and acting Deputy Clerk of the Superior Court of Rowan County, Vera Maie Uzzell, wrote the word "Deputy" in longhand before the printed words "Clerk Superior Court of Rowan County" at the bottom of the summons. She also wrote her name in longhand above the printed words. The following is a copy of the subscription clause wherein the alleged defect appears at the bottom of the summons, with the words written in longhand by Miss Uzzell being shown in italics:

> *Vera Maie Uzzell*
> *Deputy* Clerk Superior Court
> of Rowan County.

3. On 13 June, 1949, J. H. Krider, Sheriff of Rowan County, served the summons on Floyd D. and Callie Beck by reading the summons to them and delivering to each a copy thereof and also a copy of the verified complaint filed in the action, as appears on the Sheriff's return.

4. At the time the foreclosure action was filed, the vacant lots in controversy were listed for taxes in the name of Floyd D. Beck, and there was due and owing to Rowan County taxes duly levied and assessed against the lots for the years 1931 and 1932 in the principal sums of $20.73 and $16.51, respectively. (These taxes appear to have been duly declared on in the verified complaint filed in the foreclosure action. And in the complaint filed by the plaintiffs in the instant action it is admitted that they neither answered nor appeared in the foreclosure action.)

5. On 14 December, 1950, the Clerk of the Superior Court entered judgment by default, adjudging that the taxes for 1931 and 1932, with interest, in the aggregate sum of $79.20 were a specific lien on the lots described in the complaint. It was further decreed that the land be sold at public auction for the satisfaction of the lien by a commissioner who was appointed for that purpose.

6. The land was bid off at the commissioner's sale on 20 January, 1951, by Nelson Woodson and W. C. Coughenour, Jr., at the high bid of $110, and report was filed by the commissioner with the Clerk the day of sale. On 5 February, 1951, the sale was confirmed by order of the Clerk. And on payment of the purchase money the nine vacant lots were conveyed to the purchasers by the commissioner by deed recorded in the Public Registry of Rowan County in Book 344, p. 226. Following this, the purchasers Woodson and Coughenour on 20 October, 1951, by deed recorded in Book 349, p. 616, sold and conveyed the lot to Ralph J. Rainey for the sum of $600. And on 9 November, 1951, by deed recorded in Book 353, p. 305, Rainey and wife conveyed the lots to the defendants Carl E. Voncannon and wife, Margie Voncannon, for a consideration of $780.

Upon the facts found, the court concluded in substance that the summons was properly issued and served; that any irregularities appearing in the proceeding were immaterial and not prejudicial; that Beck and wife are bound by all the proceedings had in the foreclosure action, and that the lots were duly sold and conveyed by commissioner's deed. And accordingly judgment was entered denying the plaintiffs relief of any kind.

From the judgment so entered the plaintiffs appealed, assigning errors.

*D. A. Rendleman for plaintiffs, appellants.*
*Nelson Woodson for defendants, appellees.*

JOHNSON, J. The challenged summons was issued by Vera Maie Uzzell, Deputy Clerk, in her own name, instead of in the name of her

principal. The crucial question thus presented is: Does this want of proper signature amount to a failure to comply with the requirements of due process so as to make the summons ineffectual to confer jurisdiction and render the whole proceeding void and of no effect, or is the omission a mere nonjurisdictional irregularity, subject to amendment?

Clerks of the Superior Court are authorized by statute to appoint deputies. Chap. 115, Sec. 86, Laws of 1777, now codified in amended form as G.S. 2-13. See also G.S. 2-14 and G.S. 2-15.

These statutes, as interpreted and applied by the decisions of this Court, fix the status of a deputy as the agent or servant of the principal Clerk, rather than as an independent officer of the court. The decisions give emphasis to the idea that the legal power and authority incident to the office of Clerk of the Superior Court is vested in the principal Clerk as the responsible officer of the law, to be exercised by him, either in person or, within the orbit of ministerial powers, by deputy. Therefore, since a deputy's authority is derivative, the general rule is that he is required to do all things in his principal's name (except where statute expressly provides otherwise. G.S. 47-1). *Miller v. Miller,* 89 N.C. 402; *Shepherd v. Lane,* 13 N.C. 148. See also *Piland v. Taylor,* 113 N.C. 1, 18 S.E. 70.

The statute, G.S. 1-89, directs that in connection with the commencement of a civil action the summons must be signed by the Clerk. However, our decisions hold that the issuance of summons is not a judicial act which must be performed by the Clerk in person, but rather that it is a ministerial act which may be done in his name by a deputy. *Shepherd v. Lane, supra; Jackson v. Buchanan,* 89 N.C. 74.

In our Reports numerous decisions may be found dealing with the jurisdictional effect of the absence from summons of the Clerk's signature or name. However, decision here is controlled by the principles explained in these cases: *Henderson v. Graham,* 84 N.C. 496; *Redmond v. Mullenax,* 113 N.C. 505, 18 S.E. 708; *Hooker v. Forbes,* 202 N.C. 364, 162 S.E. 903; *Land Bank v. Aycock,* 223 N.C. 837, 28 S.E. 2d 494; *Williams v. Trammell,* 230 N.C. 575, 55 S.E. 2d 81; *Boone v. Sparrow,* 235 N.C. 396, 70 S.E. 2d 204.

The rule deducible from these decisions, as applicable to the instant case, may be summarized as follows: To confer jurisdiction, the process relied on must in fact issue from the court and show upon its face that it emanated therefrom and was intended to bring the defendant into court to answer the complaint of the plaintiff. And when this is clearly shown by evidence appearing on the face of the summons, ordinarily the writ will be deemed sufficient to meet the requirements of due process and bring the party served into court, and formal defects appearing on the face of the record will be treated as nonjurisdictional irregularities, sub-

ject to amendment. "If, however, there is nothing upon the face of the paper which stamps upon it unmistakably an official character, it is not a defective summons but no summons at all . . ." *Boone v. Sparrow, supra.*

In *Henderson v. Graham, supra,* the summons was issued without the signature of the Clerk in the blank placed at the end of the instrument. However, the summons bore the seal of the court. After it had been served, the defendant's attorney entered a special appearance and moved to dismiss the action, and the plaintiff's attorney asked leave to amend by allowing the Clerk to affix his signature *nunc pro tunc.* The court below declined to allow the amendment for want of power and granted the motion to dismiss. On appeal, *Chief Justice Smith,* in discussing the question whether the want of signature rendered the summons fatally defective and ineffectual to confer jurisdiction, or merely irregular and subject to amendment, announced the principle that any defect or omission of a formal character which would be waived or remedied by a general appearance or an answer upon the merits, may be treated as a matter which can be remedied by amendment. And it was held that the failure of the Clerk to sign the summons was an omission of this description. There the summons, though unsigned, bore the seal of the court. This was the crucial factor on which decision was made to turn. The imprint of the seal furnished internal evidence of the official origin of the summons.

In *Hooker v. Forbes, supra,* the Clerk by oversight failed to sign the summons. However, the jurat of the Clerk and his signature below the cost bond furnished internal proof of the official character and origin of the summons. It was there held that the defect was nonjurisdictional and amendable.

In *Land Bank v. Aycock, supra,* summons was transmitted by the Assistant Clerk of the Superior Court of Durham County to the Sheriff of Johnston County and was complete in every respect, including seal of the court, "except it did not contain the signature of the clerk or of the assistant clerk or anyone in the clerk's office on the blank line at the bottom prepared for such signature . . ." The Assistant Clerk signed the summons on the appropriate line after service by the Sheriff. The defendant entered a special appearance and moved to dismiss for alleged want of jurisdiction because of the defect indicated. The lower court denied the defendant's motion to dismiss and allowed the plaintiff's counter motion by entering an order directing that the act of the Assistant Clerk in affixing his signature after service by the Sheriff be approved and ratified. These rulings were affirmed on appeal.

In the instant case it was stipulated by the parties, and so found by the court, that the summons did in fact emanate from the Clerk's office and

that it was duly served on the defendants as indicated by the Sheriff's return. It was also stipulated that Vera Maie Uzzell, who signed the summons, was a Deputy Clerk of the Superior Court of Rowan County at the time the summons was issued.

Therefore, under application of the controlling principles of law it is manifest that the summons was not void. Rather, it clearly appears that the summons was sufficient to confer jurisdiction and bring the defendants into court.

Accordingly, we hold that the failure of the Deputy to sign the name of her principal was a nonjurisdictional irregularity. And it is noted that the plaintiffs failed to show prejudice entitling them to relief on the ground of such irregularity. They neither alleged nor sought relief based on prejudice arising out of nonjurisdictional irregularity of the summons. The single theory of the plaintiffs' attack on the summons is that it was and is fatally defective and utterly void.

The procedural irregularities alleged by the plaintiffs relate to other phases of the foreclosure proceeding. These we now treat.

1. The plaintiffs point to the fact that the judgment of foreclosure directed the commissioner to sell, not only the vacant lots in controversy, but also the plaintiffs' house and lot; and that the commissioner exposed to sale and the purchasers bid off for the composite bid of $110 both the house and lot and the vacant lots. Here the irregularity complained of is that the judgment of confirmation and the commissioner's deed omitted the house and lot. Thus the plaintiffs contend there is a fatal variance between the sale as made and as confirmed. The contention is untenable. The house and lot were omitted after petition filed in the cause by the county showing taxes thereon paid prior to judgment. Besides, it is manifest that the elimination of plaintiffs' house and lot from the judgment of confirmation was beneficial to them. Therefore, they may not be heard to predicate error on any such nonprejudicial irregularity, especially so since the purchasers' bid of $110 for all the property remained unchanged and the full amount of the bid was paid for the vacant lots.

And in respect to the allegation that the bid and sale price of the lots was inadequate, it is enough to say that the record supports the court's finding to the contrary. There is no suggestion that the sale was not properly advertised, and the following stipulation appearing in the record would seem to be conclusive against the plaintiffs on this point: "That the sale had on January 20, 1951, was conducted fairly and openly without suppression of bidding or any element of fraud and that Nelson Woodson and W. C. Coughenour, Jr. bid for themselves and not for anyone else directly or indirectly."

2. The plaintiffs complain that the commissioner advertised and sold the land, not "free and clear of all encumbrances" as directed by the

judgment, but "subject to all outstanding City and County taxes and all local improvement assessments against the . . . property not included in the judgment . . ." As to this, it is noted that the plaintiffs failed to show prejudice by reason of the variance. The commissioner's report shows that the entire purchase price of $110 was consumed in payment of the tax-judgment and court costs.

3. Exceptions relating to alleged irregularities not brought forward or discussed in brief are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. pp. 562 and 563. The other exceptions brought forward by appellants, but not discussed herein, have been examined. They are overruled as being untenable.

It all comes to this: The summons, while irregular in form, was adequate to confer jurisdiction and bring the plaintiffs into court; and they have failed to show prejudice resulting from the defect in the form of the summons. As to the procedural irregularities alleged by the plaintiffs, they have shown no prejudice in law resulting therefrom. Therefore, while there is technical error in the findings and conclusion that the summons was strictly in accord with the applicable principles of law, nevertheless, upon the record as presented the errors are harmless and insufficient to affect the result.

It is here noted that ordinarily the remedy for attacking a judgment or proceeding for nonjurisdictional irregularity is by motion in the cause, rather than by independent action. *Rosser v. Matthews,* 217 N.C. 132, 6 S.E. 2d 849; *Bass v. Moore,* 229 N.C. 211, 49 S.E. 2d 391; McIntosh, N. C. Practice and Procedure, pp. 1121 and 1122. However, this question of procedure was not raised in the court below and is not presented here. Nevertheless, the summons and complaint in this action may be treated as a petition and motion in the tax foreclosure proceeding. *Simmons v. Simmons,* 228 N.C. 233, 45 S.E. 2d 124; *Craddock v. Brinkley,* 177 N.C. 125, 98 S.E. 280; *Jarman v. Saunders,* 64 N.C. 367.

We conclude that the court below reached the correct conclusion in holding that the defendants (plaintiffs herein) were served with summons and in adjudging that they be denied the relief sought.

In conclusion, it is observed that the court below found that in addition to the notice afforded by the summons, the plaintiff Floyd Beck was kept advised of proceedings at all crucial stages of the foreclosure action. First, the tax collector gave him notice that suit was about to be filed. Then the county attorney, by registered mail, advised Beck suit papers were being prepared and urged settlement of the taxes. Also, the court found as a fact that after entry of the judgment directing sale, the commissioner mailed both plaintiffs a copy of the notice of sale; and the plaintiffs, by stipulation filed in the lower court, admitted receiving from the commissioner a copy of his report of sale. Nevertheless, no response

was made to any of these notices respecting the foreclosure proceeding, and this proceeding extended over a period of nearly two years.

Let the judgment below be modified as herein indicated, and as so modified it will be affirmed.

Modified and affirmed.