WALKER v. STORY.

## NICHOLAS A. WALKER v. CARL O. STORY.

(Filed 4 November, 1964.)

**1. Taxation § 42—**

Where tax foreclosure action of a county and a municipality are consolidated for judgment, which judgment authorizes and directs the commissioner to sell the lands described in the county's action, *held,* the foreclosure is of the entire tract so described, notwithstanding the commissioner's notice of sale and his report of sale bear caption of the municipal foreclosure, since both refer to the judgment of foreclosure. Therefore, the contention that the commissioner's deed pursuant to the city tax foreclosure could not convey that part of the tract lying outside the municipality is inapplicable.

**2. Judgments § 13;    Taxation § 39—**

G.S. 1-211(1) does not apply to a tax foreclosure, and where a summons in a tax foreclosure suit is served by publication, judgment by default upon a complaint with incomplete verification is not void but is merely irregular.

**3. Judgments § 18—**

The proper procedure to attack an irregular judgment is by motion in the cause.

**4. Judgments § 21—**

In attacking a default judgment for irregularity ·defendant must show due diligence and a meritorious defense.

APPEAL by plaintiff from *McLean, J.,* February 3, 1964 Session of POLK.

Action to remove a cloud from title to a tract of land in Columbus Township, Polk County, particularly described in the complaint and referred to hereafter as the subject lands.

In a prior action instituted December 20, 1958, judgment of involuntary nonsuit entered June 7, 1960, was affirmed by this Court. *Walker v. Story,* 253 N.C. 59, 116 S.E. 2d 147.

This action was instituted June 26, 1961. A judgment herein, which sustained defendant's plea of *res judicata* (based on said judgment in the prior action) and dismissed this action, was reversed by this Court. *Walker v. Story,* 256 N.C. 453, 124 S.E. 2d 113.

It was stipulated that, prior to the tax foreclosure actions referred to below, "Edward Mickler owned an undivided one-half interest in the property in question and Helen A. Ahern owned the other one-half interest in the property."

Plaintiff offered in evidence three deeds, each describing the subject lands, to wit: (1)  Quitclaim deed dated October 28, 1958, from F. Juanita Page, unmarried, to Nicholas A. Walker; (2)  quitclaim deed dated April ......, 1958, from Lillie A. Mickler, widow, Arthur Mickler

and wife, Pauline K. Mickler, and Betty Mickler Wides and husband, Norman Wides, to F. Juanita Page; (3) quitclaim deed dated April 10, 1958, from Joseph S. Ahern and wife, Helen A. Ahern, to F. Juanita Page.

Plaintiff offered, for the purpose of attack, the court files in two tax foreclosure actions, each relating to the subject lands, to wit:

1. Civil action (File No. 1465) instituted August 5, 1939, by Polk County against E. Mickler and wife, Mrs. E. Mickler, Helen A. Ahern and husband, Joseph S. Ahern, and others, for foreclosure of the subject lands for nonpayment of taxes in the amount of $583.67 due Polk County for the years 1931-1938, inclusive, referred to hereafter as the Polk County case.

2. Civil action (File No. 1503) instituted October 4, 1939, by Town of Columbus and William Pabodie, Fiscal Agent of the Town of Columbus, against E. Mickler and wife, Mrs. E. Mickler, Helen A. Ahern and husband, Joseph S. Ahern, and others, for foreclosure of the subject lands for nonpayment of taxes in the amount of $239.28 due the Town of Columbus for the years 1930-1938, inclusive, referred to hereafter as the Town of Columbus case.

In each tax foreclosure action, the service of summons was by publication. No answer or other pleading was filed by any defendant. The two cases were consolidated for judgment. Judgment in the consolidated cases was entered on Monday, December 11, 1939, in favor of each plaintiff for the amount of the unpaid taxes due it. J. T. Arledge was appointed commissioner to sell the subject lands. Thereafter, the court confirmed the sale of the subject lands to Polk County for $600.00 and ordered the commissioner to execute and deliver a deed to the purchaser.

Plaintiff then offered in evidence four deeds, each describing the subject lands, to wit: (1)  deed dated February 12, 1940, from J. T. Arledge, Commissioner, to Polk County; (2)  deed dated September 29, 1941, from Polk County to W. W. Foster and W. M. Newman; (3) warranty deed dated August 10, 1949, from W. W. Foster and wife, Nettie Foster, to C. O. Story; and (4)  warranty deed dated August 5, 1950, from W. M. Newman and wife, Ollie Newman, to C. O. Story.

Plaintiff called two witnesses, J. F. Ormand and Frank Johnson.

Ormand testified that "a part of the land which is the subject of this controversy is inside the corporate limits of the Town of Columbus and a part is outside said limits." It was (then) stipulated: ". . . and the plaintiff agrees that they (sic) own no portion or part of the lands lying in or within the incorporate limits of the Town of Columbus."

Johnson, Polk County Accountant, testified: ". . . C. O. Story has listed and paid Polk County *ad valorem* taxes on the property in question for about 10 years, and plaintiff has never listed said property for taxes or paid taxes thereon."

At the conclusion of plaintiff's evidence, the court, on motion of defendant, entered judgment of involuntary nonsuit.

*W. Y. Wilkins, Jr., for plaintiff appellant.*
*Jones & Jones for defendant appellee.*

BOBBITT, J.  Plaintiff undertakes to prove his title to the subject lands by connecting defendant with a common source of title and by showing in himself a better title from that source. *Mobley v. Griffin,* 104 N.C. 112, 115, 10 S.E. 142; *Vance v. Pritchard,* 213 N.C. 552, 555, 197 S.E. 182.

Plaintiff, during trial, disclaimed ownership of the portion of the subject lands lying within the corporate limits of the Town of Columbus. He does not attack on any ground the proceedings in the Town of Columbus case.

Plaintiff's present contention is that the sale and conveyance of the subject lands by Arledge, Commissioner, to Polk County, were made pursuant to authority conferred in the *Town of Columbus* case; and that the commissioner's deed is void as to the portion of the subject lands lying outside the corporate limits of the Town of Columbus.

Admittedly, the Town of Columbus had no tax lien on lands outside its corporate limits. However, the record does not support plaintiff's contention that the commissioner had authority to sell and convey only the portion of the subject lands lying within the corporate limits of the Town of Columbus. There was no separate judgment in the *Town of Columbus* case. The only judgment, which was entered Monday, December 11, 1939, (1)  consolidated the two actions for judgment; (2) established the amount of unpaid taxes due each plaintiff; and (3) authorized and directed the commissioner to advertise and sell "the lands described in the Complaint." The descriptions in the complaints, in the commissioner's notice of sale, in the judgment confirming the sale, in the commissioner's deed, and in the complaint *in this action,* are identical.

Plaintiff stresses the fact that the commissioner's notice of sale, his report of sale and his report of receipts and disbursements bear the caption of the *Town of Columbus* case. The notice of sale and report of sale refer to the order and judgment entered Monday, December 11, 1939, "in the above captioned cause" or "in the captioned matter." The

fact that these papers did not carry the captions of both actions is immaterial. The function of the commissioner's notice of sale was to give notice to prospective purchasers. There was only one judgment and reference thereto disclosed the two tax foreclosure actions had been consolidated for judgment and one joint judgment entered therein. In this connection, see North Carolina Code of 1939 (Michie), § 7971-(228)(j); G.S. 105-391(j). The commissioner's report of receipts and disbursements discloses plainly that Polk County had purchased the subject lands for the benefit of itself and of the Town of Columbus. See North Carolina Code of 1939 (Michie), § 7971(228)(u); G.S. 105-391(u).

The sufficiency of the service of summons by publication is not challenged. "From the time of service of the summons, in a civil action, or the allowance of a provisional remedy, the court is deemed to have acquired jurisdiction, and to have control of all subsequent proceedings." C.S. 488; G.S. 1-101. The defendants in each tax foreclosure action were charged with notice of all proceedings therein.

Contrary to plaintiff's contention, the record discloses that the joint judgment of December 11, 1939, and the judgment of confirmation of February 12, 1940, (both of which bear the captions of both actions) authorized and directed the commissioner to sell and convey all the lands on which Polk County had a lien including, but not limited to, the portion thereof on which the Town of Columbus also had a lien.

Plaintiff, conditionally, contends: The judgment, with reference to the portion of the subject lands lying outside of the corporate limits of the Town of Columbus, is defective because the complaint in the Polk County suit was not verified. In this connection, the record shows the (verification) affidavit was signed by W. C. Hague, Tax Collector and Treasurer of Polk County, but does not show it was sworn to or subscribed before the clerk as contemplated by the blank form provided for the clerk's signature.

G.S. 1-211, subsection 1, on which plaintiff relies, applies to a cause of action for the breach of an express or implied contract to pay a sum of money fixed by the terms of the contract. ". . . a judgment by default final *in that kind of suit,* on an unverified complaint, is irregular and will be set aside *on motion made in apt time and on a proper show of merits.*" (Our italics). *McNair v. Yarboro,* 186 N.C. 111, 112, 118 S.E. 913, and cases cited. Motion in the cause is the proper course to pursue to obtain relief from an irregular judgment. *Pruitt v. Taylor,* 247 N.C. 380, 382, 100 S.E. 2d 841, and cases cited. It is noted that the complaint herein, if it were treated as a motion in the Polk County case, see *Beck v. Voncannon,* 237 N.C. 707, 713, 75 S.E. 2d 895, does

not show plaintiff or those under whom he claims acted with due diligence or had a meritorious defense to Polk County's tax foreclosure action.

It is noted that the judgment of December 11, 1939, contains the following: "Pursuant to the statutory mandate requiring proof to be made of the demand mentioned in the Complaint in actions where the service of summons was by publication, the *plaintiffs* have been required to submit proof of the demand mentioned in the complaint as required by law and after the submission of such proof, the Court finds as a matter of fact that the plaintiffs are entitled to a judgment against the property for the sums hereinafter stated." (Our italics). See G.S. 1-211, subsection 3.

In view of the foregoing, it is unnecessary to consider whether (with reference to the undivided one-half interest owned by Edward Mickler prior to the tax foreclosure actions) plaintiff's evidence is sufficient to connect his title with the title of Edward Mickler. In this connection, see *McDonald v. McCrummen*, 235 N.C. 550, 70 S.E. 2d 703.

Plaintiff has failed to prove title to the subject lands. Indeed, upon the present record, it appears defendant has the better title thereto. Hence, the judgment of involuntary nonsuit is affirmed.

Affirmed.