WILLIAM CLINTON BRADY v. TOWN OF CHAPEL HILL AND HAROLD P. SMITH

No. 76

(Filed 20 January 1971)

1. Courts § 11.1— personal injury action — jurisdiction of district court

The district court division was the proper division to try a personal injury action for recovery of damages in the amount of $5000.

2. Courts § 11.1; Rules of Civil Procedure § 60— jurisdiction of personal injury action — judgment dismissing action for failure to prosecute — relief from judgment

Although the plaintiff's personal injury action for $5000 was improperly calendared for trial in the superior court division instead of the district court division to which it had been allocated, a judgment by a superior court judge dismissing the action for failure of plaintiff to appear and prosecute the action was not void; plaintiff's relief, if any, from the judgment of dismissal is by a motion in the cause and not by appeal. G.S. 1A-1, Rule 60(b); G.S. 7A-240; G.S. 7A-242; G.S. 7A-243.

3. Appeal and Error § 14— dismissal of appeal

The Court of Appeals properly dismissed an appeal when (1) the appeal was not taken within ten days of the rendition of the judgment

Brady v. Town of Chapel Hill

and (2) the plaintiff failed to give notice to defendants. G.S. 1-279; G.S. 1-280.

ON *certiorari* to review the order of the Court of Appeals dismissing plaintiff's appeal from a judgment entered at the 8 June 1970 Session of ORANGE by *Ragsdale, J.* dismissing plaintiff's action with prejudice because of his failure to prosecute.

On 13 June 1968, plaintiff instituted this action in the Superior Court of Randolph County to recover damages in the amount of $5,000.00 for personal injuries. Upon defendants' motion, the cause was removed to Orange County. There, on 2 December 1968, the presiding judge, Honorable Leo Carr, entered an order transferring the case to the district court division for trial because of the amount involved. The clerk, apparently overlooking the order of transfer, calendared the case for trial in the Superior Court on the first day of the session which convened 8 June 1970.

When the case was called for trial on the day it was calendared plaintiff's attorney, Mr. Ottway Burton, was not present. During the day, upon orders of the presiding judge, Mr. Burton was twice notified that the case would be called for trial at 9:30 o'clock on the following morning. When the case was called on Tuesday, 9 June 1970, counsel for defendants were present in court, but Mr. Burton was not. The court had plaintiff called and, when he did not answer, the action was dismissed with prejudice because of his failure to prosecute.

The record shows that Judge Ragsdale signed the judgment on 9 June 1970. Thirteen days later, on 22 June 1970, plaintiff filed exceptions and notice of appeal. He gave defendants no notice of his appeal. However, on 22 June 1970, plaintiff served upon counsel for defendants "statement of plaintiff's record and statement of case on appeal to the North Carolina Court of Appeals."

In the Court of Appeals defendants moved to dismiss the appeal upon the grounds that plaintiff had neither taken his appeal within the time required by G.S. 1-279 nor given defendants notice thereof as required by G.S. 1-280. On 22 September 1970, the Court of Appeals allowed the motion and ordered the appeal dismissed. In apt time plaintiff petitioned us for a writ of *certiorari.*

*Ottway Burton for plantiff appellant.*

*Perry C. Henson and Daniel W. Donahue for defendant appellees.*

SHARP, Justice.

**[1]** Except in certain instances not material here, "original general jurisdiction of all justiciable matters of a civil nature cognizable in the General Court of Justice is vested in the aggregate in the superior court division and the district court division as the trial divisions of the General Court of Justice." G.S. 7A-240. In general, the district court division is the proper division for the trial of all civil actions in which the amount in controversy is $5,000.00 or less; and the superior court division is the proper division for the trial of all civil actions in which the amount in controversy exceeds $5,000.00. G.S. 7A-243. The respective divisions are constituted proper or improper for the trial of specific actions in accordance with the provisions of N.C. Gen. Stats. Ch. 7A, art. 20. However, it is specifically provided by G.S. 7A-242 that "no judgment rendered by any court of the trial divisions in any civil action or proceeding as to which the trial divisions have concurrent original jurisdiction is void or voidable *for the sole reason* that it was rendered by the court of a trial division which by such allocation is improper for the trial and determination of the civil action or proceeding." (Emphasis added.)

**[2]** The foregoing statutes make it clear that after Judge Carr entered his order transferring this cause from the superior court division of the General Court of Justice to the district court division, the latter was the *proper* division in which to try this case. Nothing else appearing, disposition of the case thereafter in the Superior Court was irregular and contrary to the course and practice in the General Court of Justice. However, the judgment of the Superior Court dismissing the action was not, as plaintiff's counsel contends, void.

From the record it is apparent that Judge Ragsdale was unaware of Judge Carr's order transferring the action to the district court. The judgment of dismissal in this case was a mischance, which need not, and should not, have occurred. The clerk erred when he calendared the case for trial in the superior court division; plaintiff's counsel erred when he failed

to respond to the notice from the court. Had he appeared and informed the judge of the transfer, the dismissal from which he has attempted to appeal would not have occurred. After the judgment of dismissal was entered in his absence, however, plaintiff's remedy—if any—was by a motion in the cause under G.S. 1A-1, Rule 60(b), and not by appeal. Rule 60(b) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

"(1) Mistake, inadvertence, surprise, or excusable neglect;

. . .

"(6) Any other reason justifying relief from the operation of the judgment."

(For a succinct discussion of corresponding Fed. R. Civ. P. 60(b) (1) and (6) see 3 Barron and Holtzoff, Federal Practice and Procedure (Wright Ed. 1958) §§ 1325, 1329.)

Motions under Rule 60(b) must be made "within a reasonable time." When the motion is based on reason (1) the rule requires it to be made not later than one year after the judgment is taken or entered. If movant is uncertain whether to proceed under clause (1) or (6) of Rule 60(b) he need not specify if his "motion is timely and the reason justifies relief." 7 Moore's Federal Practice § 60.27(2) (2d ed. 1970). The broad language of clause (6) "gives the court ample power to vacate judgments whenever such action is appropriate to accomplish justice." 3 Barron and Holtzoff, Federal Practice and Procedure (Wright Ed.) § 1329.

[3] The Court of Appeals dismissed this appeal because (1) it was not taken within ten days of the rendition of a judgment as required by G.S. 1-279 and (2) plaintiff failed to give notice to defendants as required by G.S. 1-280. Plaintiff's failure to comply with the requirements of these two statutes would have required the dismissal of the appeal had it been authorized by law. *Teague v. Teague*, 266 N.C. 320, 146 S.E. 2d 87; *Walter Corporation v. Gilliam*, 260 N.C. 211, 132 S.E. 2d 313; 1 N. C. Index 2d *Appeal and Error* § 14 (1967). However, under the circumstances here disclosed, if plaintiff is to have relief from the judgment of dismissal entered because of his failure to prosecute the action, he must seek it by motion in the cause

in the Superior Court of Orange County, where the judgment was rendered. The procedure under Rule 60(b) is analogous to the former practice under G.S. 1-220 and under motions to set aside an irregular judgment. *See Walker v. Story,* 262 N.C. 707, 138 S.E. 2d 535; *Howard v. Boyce,* 254 N.C. 255, 118 S.E. 2d 897; *Menzel v. Menzel* and *Williams v. Blades,* 250 N.C. 649, 110 S.E. 2d 333; *Moore v. Humphrey,* 247 N.C. 423, 101 S.E. 2d 460; *Duffer v. Brunson,* 188 N.C. 789, 125 S.E. 619, 5 N. C. Index 2d *Judgments* §§ 19 and 24; McIntosh, North Carolina Practice and Procedure §§ 653, 655 (1929). If, upon timely motion made in the Superior Court, plaintiff is able to show that he has a meritorious cause of action and that he himself has acted with proper diligence throughout, the judge may, upon such terms as are just, relieve him from the judgment of dismissal.

The order of the Court of Appeals dismissing plaintiff's appeal is

Affirmed.