653 S.E.2d 427 (2007)
In re K.A.D. a minor child.
No. COA07-662.
Court of Appeals of North Carolina.
December 4, 2007.
Arnold O. Jones, II, Goldsboro, for petitioners-appellees.
Betsy J. Wolfenden, Snow Hill, for respondent-appellant.
WYNN, Judge.
"Failure to issue a summons deprives the trial court of subject matter jurisdiction."[1] In this case, Respondent-father argues that the trial court lacked subject matter jurisdiction over the termination of parental rights proceeding where no summons was issued to the juvenile. Because no summons was issued to the juvenile as required by N.C. Gen.Stat. § 7B-1106(a) (2005), we must vacate the order terminating Respondent-father's parental rights.
K.A.D., the juvenile, was born on 12 June 2003. Shortly after birth, the Wayne County Department of Social Services ("DSS") took K.A.D. into protective custody. On 24 June 2003, DSS filed a petition alleging that K.A.D. was a neglected and dependent juvenile. K.A.D. was subsequently placed with Petitioners, K.A.D.'s paternal grandfather and paternal step-grandmother. On 30 September 2003, the trial court dismissed the petition and returned K.A.D. to the parents.
On 30 June 2004, Petitioners and Respondent-father filed a complaint seeking custody against K.A.D.'s mother. On 1 July 2004, the court entered an order granting exclusive emergency custody of K.A.D. to Petitioners and Respondent-father, with Petitioners having primary physical custody. On 12 July 2004, the trial court held a temporary custody hearing. Respondent-father indicated that he had reconciled with the child's mother, but was scheduled to leave for military *428 duty. The trial court granted exclusive temporary custody of the child to Petitioners.
On 18 November 2004, Respondent-father voluntarily dismissed his complaint against the child's mother. On 2 December 2004, Petitioners filed a motion in the cause alleging that their claims previously raised against the child's mother should also apply against Respondent-father. On 18 February 2005, Petitioners were granted sole custody of K.A.D.
On 25 July 2006, Petitioners filed a petition to terminate the parental rights of Respondent-father and K.A.D.'s mother. On the same day, Petitioners issued a summons to Respondent-father and K.A.D.'s mother. On 8 September 2006, the court appointed Delaina Boyd as guardian ad litem for K.A.D. On 8 February 2007, the trial court terminated the parental rights of Respondent-father and the mother. Respondent-father appeals.
The sole argument raised by Respondent-father on appeal is that the trial court lacked subject matter jurisdiction over the termination of parental rights proceeding. Respondent-father cites Petitioners' failure to issue a summons to the juvenile, pursuant to N.C. Gen.Stat. § 7B-1106(a)(5), as the basis for his argument. We must agree.
In reviewing a question of subject matter jurisdiction, our standard of review is de novo. Raleigh Rescue Mission, Inc. v. Bd. of Adjust. of Raleigh, 153 N.C.App. 737, 740, 571 S.E.2d 588, 590 (2002) (defining de novo as "consider[ing] the question anew, as if not previously considered or decided."). Issues of subject matter jurisdiction may be raised for the first time on appeal. See N.C. R.App. P. 10(a) (2005) (stating that "any party to the appeal may present for review . . . whether the court had jurisdiction of the subject matter").
Respondent-father argues that Petitioners failed to issue a summons to K.A.D. as required by N.C. Gen.Stat. § 7B-1106(a)(5). Section 7B-1106(a) provides in pertinent part:
(a) Except as provided in G.S. 7B-1105, upon the filing of the petition, the court shall cause a summons to be issued. The summons shall be directed to the following persons or agency, not otherwise a party petitioner, who shall be named as respondents:
(1) The parents of the juvenile;
(2) Any person who has been judicially appointed as guardian of the person of the juvenile;
(3) The custodian of the juvenile appointed by a court of competent jurisdiction;
(4) Any county department of social services or licensed child-placing agency to whom a juvenile has been released by one parent pursuant to Part 7 of Article 3 of Chapter 48 of the General Statutes or any county department of social services to whom placement responsibility for the child has been given by a court of competent jurisdiction; and
(5) The juvenile.

N.C. Gen.Stat. § 7B-1106(a) (emphasis added).
It is well settled that the "summons, not the complaint, constitutes the exercise of the power of the State to bring the defendant before the court." Childress v. Forsyth Cty. Hosp. Auth., Inc., 70 N.C.App. 281, 285, 319 S.E.2d 329, 332 (1984) (citation omitted), disc. review denied, 312 N.C. 796, 325 S.E.2d 484 (1985). "The purpose of a summons is to give notice to a person to appear at a certain place and time to answer a complaint against him." Latham v. Cherry, 111 N.C.App. 871, 874, 433 S.E.2d 478, 481 (1993), cert. denied, 335 N.C. 556, 441 S.E.2d 116 (1994). "In order for a summons to serve as proper notification, it must be issued and served in the manner prescribed by statute." Id.
Here, Petitioners issued a summons designating Respondent-father and K.A.D.'s mother as respondents on 26 July 2006. Accordingly, a summons was issued to Respondent-father and the juvenile's mother. However, K.A.D. was not listed as a respondent in the summons, as required by N.C. Gen.Stat. § 7B-1106(a), and no summons was issued to K.A.D.
This Court has recently held that the failure to issue a summons to the juvenile *429 deprives the trial court of subject matter jurisdiction. In re C.T. & R.S., ___ N.C.App. ___, ___, 643 S.E.2d 23, 25 (2007). When a summons is not properly issued, an order terminating parental rights must be vacated for lack of subject matter jurisdiction. Id. Accordingly, because the trial court lacked subject matter jurisdiction, we must vacate the order terminating Respondent-father's parental rights.
Vacated.
Judges ELMORE and STROUD concur.
NOTES
[1] In re C.T. & R.S., ___ N.C.App. ___, ___, 643 S.E.2d 23, 25 (2007).