IN THE MATTER OF: A.F.H-G., A MINOR CHILD

No. COA07-1346

(Filed 4 March 2008)

**Termination of Parental Rights— subject matter jurisdiction— failure to issue summons to juvenile**

The trial court erred by terminating respondents' parental rights, and the order is vacated based on lack of subject matter jurisdiction, because no summons was issued to the juvenile as required by N.C.G.S. § 7B-1106(a)(5).

Judge STEPHENS concurring.

Appeal by respondent-mother from an order terminating parental rights entered 13 September 2007, *nunc pro tunc* 14 August 2007, by Judge A. Elizabeth Keever in Cumberland County District Court. Heard in the Court of Appeals 18 February 2008.

*Hedahl & Radtke Family Law Center, by Debra J. Radtke, for petitioner-appellees.*

*Janet K. Ledbetter, for respondent-appellant.*

STEELMAN, Judge.

Where no summons is issued to the juvenile as required by N.C. Gen. Stat. § 7B-1106(a)(5), we must vacate an order terminating parental rights under N.C. Gen. Stat. Chapter 7B for lack of subject matter jurisdiction.

A.S. ("mother") gave birth to A.F.H-G., the minor child, in 1998. In 1999, following an incident that resulted in mother's hospitalization, the court granted custody of A.F.H-G. to a maternal aunt and uncle, with reasonable visitation by mother. On 23 October 2006, the custodial aunt and her husband filed a petition to terminate both mother's and father's parental rights. On 24 October 2006, a summons was issued that named both parents, but not the minor child, as respondents. On 13 September 2007, *nunc pro tunc* 14 August 2007, the trial court terminated mother's and father's parental rights under N.C. Gen. Stat. § 7B-1111(a)(7). Mother appeals.

The question of subject matter jurisdiction may be raised at any time, even in the Supreme Court. When the record clearly shows

IN RE A.F.H-G.

[189 N.C. App. 160 (2008)]

that subject matter jurisdiction is lacking, the Court will take notice and dismiss the action *ex mero motu.* Every court necessarily has the inherent judicial power to inquire into, hear and determine questions of its own jurisdiction, whether of law or fact, the decision of which is necessary to determine the questions of its jurisdiction.

*Lemmerman v. Williams Oil Co.,* 318 N.C. 577, 580, 350 S.E.2d 83, 85-86 (1986) (internal citations omitted). The judicial procedure for termination of parental rights includes procedural protections that must be followed to endow the court with subject matter jurisdiction. N.C. Gen. Stat. § 7B-1101 *et seq.* (2005). In relevant part, N.C. Gen. Stat. § 7B-1105(a)(5) requires that a summons be issued to the juvenile, "who shall be named as a respondent." *Id.* (2005).

In this case, petitioners failed to name the juvenile as a respondent in the summons. " 'In order for a summons to serve as proper notification, it must be issued and served in the manner prescribed by statute.' " *Latham v. Cherry,* 111 N.C. App. 871, 874, 433 S.E.2d 478, 481 (1993) (quoting *Everhart v. Sowers,* 63 N.C. App. 747, 750, 306 S.E.2d 472, 474 (1983)), *cert. denied,* 335 N.C. 556, 441 S.E.2d 116 (1994).

This Court has recently held that the failure to issue a summons to the juvenile in accordance with N.C. Gen. Stat. § 7B-1106(a)(5) deprives the trial court of subject matter jurisdiction. *In re K.A.D.,* 187 N.C. App. 502, 504, 653 S.E.2d 427, 428-29 (2007) (citing *In re C.T. & R.S.,* 182 N.C. App. 472, 475, 643 S.E.2d 23, 25 (2007)). We are bound by our prior holdings on this issue. *In re Civil Penalty,* 324 N.C. 373, 384, 379 S.E.2d 30, 36-37 (1989).

We vacate the order terminating parental rights.

VACATED.

Judge CALABRIA concurs.

Judge STEPHENS concurs in separate opinion.

STEPHENS, Judge, concurring.

While one panel of this Court "may disagree with, or even find error in, an opinion by a prior panel and may duly note its disagreement or point out that error in its opinion, the panel is bound

by that prior decision until it is overturned by a higher court." *State v. Jones*, 358 N.C. 473, 487, 598 S.E.2d 125, 134 (2004). In the case of *In re K.A.D.*, 187 N.C. App. 502, 653 S.E.2d 427 (2007), a prior panel of this Court stated that we had "recently held that the failure to issue a summons to [a] juvenile [in a termination of parental rights proceeding] deprives the trial court of subject matter jurisdiction." *Id.* at 504, 653 S.E.2d at 428-29 (citing *In re C.T.*, 182 N.C. App. 472, 475, 643 S.E.2d 23, 25 (2007)). The panel then held, "[w]hen a summons [in a termination of parental rights proceeding] is not properly issued, an order terminating parental rights must be vacated for lack of subject matter jurisdiction." *Id.* at 504, 653 S.E.2d at 429 (citing *C.T.*, 182 N.C. App. at 475, 643 S.E.2d at 25). Would that I were not bound by this decision, *Jones*, 358 N.C. 473, 598 S.E.2d 125; *In re Civil Penalty*, 324 N.C. 373, 379 S.E.2d 30 (1989), for I believe *K.A.D.* misinterpreted the holding of *C.T.* Nevertheless, because I am bound by *K.A.D.*, I must concur with the result reached in the case *sub judice*.

In *C.T.*, 182 N.C. App. 472, 643 S.E.2d 23, the Forsyth County Department of Social Services filed a petition to terminate respondent's parental rights to her two children, R.S. and C.T. The clerk's office issued a summons, and the petition and summons were served on respondent.

The petition to terminate parental rights was captioned with the names of both R.S. and C.T., but the summons that was issued referenced only C.T. Petitioner concedes that there is *no summons with respect to R.S.* in the Record on Appeal, or in the clerk's file.

*Id.* at 473, 643 S.E.2d at 24 (emphasis added). The trial court terminated respondent's rights to both children. On appeal, respondent argued "that the trial court lacked subject matter jurisdiction over the termination of parental rights proceeding concerning R.S., on the grounds that petitioner failed to issue a summons." *Id.* We stated, "the record fails to show that a summons was ever issued *as to* R.S.[,]" *id.* at 475, 643 S.E.2d at 25 (citation omitted and emphasis added), and we felt "constrained to conclude that the trial court lacked subject matter jurisdiction to terminate the respondent's parental rights in R.S." *Id.* at 475, 643 S.E.2d at 25. We vacated the termination order to the extent it terminated respondent's parental rights to R.S. We affirmed the termination order as to C.T.

In *K.A.D.*, 187 N.C. App. 502, 653 S.E.2d 427, the Wayne County Department of Social Services filed a petition alleging that K.A.D. was

neglected and dependent. Subsequently, the trial court granted sole custody of K.A.D. to the child's paternal grandfather and step-grandmother (the "grandparents"). Thereafter, on 25 July 2006, the grandparents filed a petition to terminate the parental rights of K.A.D.'s parents. "On the same day, Petitioners issued a summons to Respondent-father and K.A.D.'s mother." *Id.* at 503, 653 S.E.2d at 428. The trial court eventually terminated the parents' parental rights. On appeal, the father argued solely "that the trial court lacked subject matter jurisdiction over the termination of parental rights proceeding" because of "Petitioners' failure to issue a summons to the juvenile[.]" *Id.* After setting forth the provisions of N.C. Gen. Stat. § 7B-1106(a) (2005), we noted,

> Petitioners issued a summons designating Respondent-father and K.A.D.'s mother as respondents on 26 July 2006. Accordingly, a summons was issued to Respondent-father and the juvenile's mother. However, K.A.D. was *not listed as a respondent* in the summons . . . and no summons was issued to K.A.D.

*Id.* (emphasis added). We then vacated the order terminating the father's parental rights, holding, as stated above, "[w]hen a summons is not properly issued, an order terminating parental rights must be vacated for lack of subject matter jurisdiction." *Id.* at 504, 653 S.E.2d at 430 (citing *C.T.*, 182 N.C. App. at 475, 643 S.E.2d at 25).

The facts of *K.A.D.* are readily distinguishable from the facts of *C.T.*, and I believe the *K.A.D.* Court misinterpreted the earlier holding. In both cases, summonses were issued. *See* N.C. Gen. Stat. § 1A-1, Rule 4(a) (2005) ("A summons is issued when, after being filled out and dated, it is signed by the officer having authority to do so."). In *C.T.*, the summons "referenced" C.T.,[1] but was silent "with respect to R.S." Thus, the jurisdictional problem in *C.T.* was that no summons was issued which "referenced" R.S. In *K.A.D.*, the summons clearly "referenced" K.A.D., but did not name K.A.D. as a respondent.[2] Thus, *C.T.* did not control the resolution of *K.A.D.* The proper resolution of *K.A.D.* was controlled by the long-standing jurisprudence of our State.

---

1. A review of our court records reveals that the summons in *C.T.* utilized AOC form J-208 (7/99). C.T.'s name appeared only in the form's "Name of Juvenile" box, and C.T. was not named as a respondent. C.T.'s parents were the only named respondents. This Court had the summons before it and found it to be jurisdictionally sufficient.

2. The summons in *K.A.D.* was identical to the summons in *C.T.* in all pertinent respects. As in *C.T.*, K.A.D.'s name appeared in the summons's "Name of Juvenile" box. K.A.D.'s parents were the only named respondents.

The district courts have exclusive original jurisdiction over proceedings to terminate parental rights. N.C. Gen. Stat. § 7B-1101 (2005). Chapter 7B sets forth procedural requirements that must be met in order to confer jurisdiction upon the courts in such actions. The Rules of Civil Procedure as set forth in Chapter 1A are not to be superimposed upon termination cases, nor should they be ignored. *In re Bullabough*, 89 N.C. App. 171, 365 S.E.2d 642 (1988).

A termination proceeding is commenced by the filing of a verified petition. N.C. Gen. Stat. § 1A-1, Rule 3 (2005); N.C. Gen. Stat. § 7B-401 (2005). "[V]erified petitions for the termination of parental rights are necessary to invoke the jurisdiction of the court over the subject matter." *In re Triscari Children*, 109 N.C. App. 285, 288, 426 S.E.2d 435, 437 (1993).

Except as provided in G.S. 7B-1105, upon the filing of the petition, the court shall cause a summons to be issued. The summons shall be directed to the following persons or agency, not otherwise a party petitioner, who shall be named as respondents:

(1) The parents of the juvenile;

(2) Any person who has been judicially appointed as guardian of the person of the juvenile;

(3) The custodian of the juvenile appointed by a court of competent jurisdiction;

(4) Any county department of social services or licensed child-placing agency to whom a juvenile has been released by one parent pursuant to Part 7 of Article 3 of Chapter 48 of the General Statutes or any county department of social services to whom placement responsibility for the child has been given by a court of competent jurisdiction; and

(5) The juvenile.

N.C. Gen. Stat. § 7B-1106(a). "Where no summons is issued the court acquires jurisdiction over neither the persons nor the subject matter of the action." *In re Mitchell*, 126 N.C. App. 432, 433, 485 S.E.2d 623, 624 (1997) (citation omitted).

In *Beck v. Voncannon*, 237 N.C. 707, 75 S.E.2d 895 (1953), the defendant asserted that the trial court was without jurisdiction and that "the whole proceeding" was "*void* and of no effect" because the summons, while admittedly served upon defendant, was signed by a deputy clerk of court and not by the Clerk of Superior Court in whom

the authority to issue summonses was then explicitly vested by statute. *Id.* at 710, 75 S.E.2d at 898 (emphasis added). The Supreme Court disagreed, announcing the following rule:

> To confer jurisdiction, the process relied on must in fact issue from the court and show upon its face that it emanated therefrom and was intended to bring the defendant into court to answer the complaint of the plaintiff. And when this is clearly shown by evidence appearing on the face of the summons, ordinarily the writ will be deemed sufficient to meet the requirements of due process and bring the party served into court, and formal defects appearing on the face of the record will be treated as *nonjurisdictional irregularities*, subject to amendment.

*Id.* at 710-11, 75 S.E.2d at 898 (emphasis added).

In the case at bar, Petitioners filed a verified petition to terminate Respondent's parental rights. The child's name appeared in the caption of the petition. The Cumberland County Clerk of Court issued a summons in the case. The child is clearly referenced in the caption of the summons, and Respondent was served with both the petition and the summons. The child, however, is not named as a respondent in the summons. The failure to name the juvenile as a respondent in the summons, I believe, represents a mere "nonjurisdictional irregularit[y]," *Beck*, 237 N.C. at 710, 75 S.E.2d at 898, and did not deprive the trial court of subject matter jurisdiction. I note Respondent does not allege prejudice based on the summons's irregularity and has not sought any relief thereon.

Were I not bound by *K.A.D.*, I would conclude that the irregularity did not deprive the trial court of subject matter jurisdiction. Such a result is consistent with our decision in *C.T.* and with the long-standing jurisprudence of this State.

> "A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else."

*Wiles v. Welparnel Constr. Co.*, 295 N.C. 81, 84-85, 243 S.E.2d 756, 758 (1978) (quoting *United States v. A. H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947)).