IN THE MATTER OF: B.L.H. AND Z.L.H., MINOR CHILDREN

No. COA07-1313

(Filed 4 March 2008)

**Termination of Parental Rights— subject matter jurisdiction— no summons to children**

A termination of parental rights order was vacated for lack of subject matter jurisdiction (which may be raised at any time on the court's motion) where the record does not show that a summons was issued to the minor children as required by N.C.G.S. § 7B-1106(a)(5).

Judge STEPHENS concurring.

Appeal by respondent from orders entered 25 July 2007 by Judge Marvin P. Pope, Jr. in Buncombe County District Court. Heard in the Court of Appeals 18 February 2008.

*Charlotte W. Nallan for petitioner-appellee Buncombe County Department of Social Services.*

*Annick Lenoir-Peek for respondent-appellant mother.*

*Jerry W. Miller for the Guardian ad Litem.*

CALABRIA, Judge.

C.L.H. ("respondent") appeals from orders terminating her parental rights to B.L.H. and Z.L.H. (collectively "the minor children"). We vacate the orders for lack of subject matter jurisdiction.

On 30 January 2007 and 5 February 2007, the Buncombe County Department of Social Services ("petitioner") filed petitions and issued summonses for an action to terminate respondent's parental rights to B.L.H. and Z.L.H. Respondent was timely served copies of the summonses and petitions to terminate her parental rights to the minor children. The respondent is the biological mother of the minor children, B.L.H. and Z.L.H. The biological fathers of B.L.H. and Z.L.H. are unknown. Respondent has indicated she does not know the iden-

IN RE B.L.H. & Z.L.H.

[189 N.C. App. 199 (2008)]

tity of the biological fathers. Although the legal father of Z.L.H. was identified, DNA testing confirmed that he was not the biological father. Petitioner accomplished service by publication for the unknown fathers. The petitions were heard on 16 May 2007 and 4 June 2007. On 25 July 2007, the trial court entered separate orders terminating respondent's parental rights to B.L.H. and Z.L.H. Respondent appeals.

The dispositive issue in this appeal is whether the trial court had subject matter jurisdiction to proceed with the termination petitions in this case. Although respondent did not assign the issue of subject matter jurisdiction as error, nor raise the issue in her brief, subject matter jurisdiction may be raised at any time upon the court's own motion. "This Court recognizes its duty to insure subject matter jurisdiction exists prior to considering an appeal. A court has inherent power to inquire into, and determine, whether it has jurisdiction and to dismiss an action *ex mero motu* when subject matter jurisdiction is lacking." *In re S.E.P., L.U.E.*, 184 N.C. App. 481, 486, 646 S.E.2d 617, 621 (2007) (internal citations and quotations omitted).

In proceedings to terminate parental rights, N.C. Gen. Stat. § 7B-1106(a)(5) (2007) requires a civil summons to be issued to certain persons, not otherwise a party petitioner, including the juvenile. "[T]he failure to issue a summons to the juvenile deprives the trial court of subject matter jurisdiction." *In re K.A.D.*, 187 N.C. App. 502, 504, 653 S.E.2d 427, 429 (2007) (citing *In re C.T. & R.S.*, 182 N.C. App. 472, 475, 643 S.E.2d 23, 25 (2007)).

The record before this Court fails to establish that petitioner issued summonses to the minor children in this case, as required by N.C. Gen. Stat. § 7B-1106(a)(5) (2007). According to the record, copies of the summonses and petitions were issued and served on respondent. Further, the trial court's orders terminating respondent's parental rights indicate that the minor children were in petitioner's custody, that respondent was properly served with the petitions to terminate her parental rights, and that both the legal and biological fathers of the minor children in this case were properly served through publication.

This Court is reluctant to vacate a termination of parental rights order. However, since the record is entirely silent as to any issuance or service of summonses to B.L.H. or Z.L.H., we vacate the orders terminating respondent's parental rights to B.L.H. and Z.L.H. *In re K.A.D.*, 187 N.C. App. at 504, 653 S.E.2d at 429.

Prior to the amendment of N.C. Gen. Stat. § 7B-1106 in 2001, that became effective January 1, 2002, service upon a juvenile under twelve years of age was not required. *See* 2001 N.C. Sess. Laws 208, § 28. Since the children in this case and all termination cases do not benefit from delays, we dislike vacating termination cases. Nevertheless, we are bound by prior holdings of this Court. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (Where a panel on the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by the precedent, unless it is overturned by a higher court.). Based upon our review of the record before this Court and precedent we are bound to follow, we conclude the trial court lacked subject matter jurisdiction to proceed with the termination petitions and therefore we vacate the orders terminating respondent's parental rights to B.L.H. and Z.L.H.

Vacated.

Judge STEELMAN concurs.

Judge STEPHENS concurs in a separate written opinion.

STEPHENS, Judge, concurring.

For the reasons set forth in my concurring opinion in *In re A.F.H-G.*, 189 N.C. App. ——, —— S.E.2d —— (2008), I concur in the result of the opinion of the Court.