IN THE MATTER OF: A.W., A.W., M.C.
No. COA08-506
Court of Appeals of North Carolina
Filed November 4, 2008
This case not for publication
Dean W. Hollandsworth for New Hanover County Department of Social Services petitioner-appellee.
Mary McCullers Reece for respondent-mother appellant.
Associate Legal Counsel Pamela Newell Williams for Guardian ad Litem.
McCULLOUGH, Judge.
Respondent-mother appeals from the district court's order terminating her parental rights to the minor children A.W., A.W. ("A.I.W."), and M.C. In June and August 2006, the New Hanover Department of Social Services ("DSS") filed petitions to terminate the parental rights of respondent-mother as to her five minor children. The minor children were not named as respondents on the summonses, but the guardian ad litem who represents all five children was specifically named as a respondent in two separate summonses. In an order entered on 29 January 2007, the trial court terminated the parental rights of each of the fathers of the five children, but continued the hearing as to respondent-mother. After a hearing, the trial court entered an order on 16 April 2007 finding that grounds existed to terminate respondent-mother's parental rights and that termination of her parental rights was in the best interests of the children.
Respondent-mother appealed the trial court's order terminating her parental rights, which this Court addressed in an unpublished opinion. See In re M.C., No. COA07-746, 2007 N.C. App. LEXIS 2300 (N.C. Ct. App. Nov. 6, 2007) (unpublished). The opinion sets forth a more detailed factual background of the case. In M.C., this Court affirmed the trial court's determination that grounds existed to terminate respondent-mother's parental rights. Id. at *15. However, this Court also determined that the trial court's findings of fact regarding the children's best interests were insufficient and therefore failed to comply with N.C. Gen. Stat. § 7B-1110(a) (2007). Accordingly, this Court remanded the dispositional portion of the order for additional findings of fact. Id. at *17.
On remand, the trial court held a second hearing, and by order entered 7 March 2008, concluded that termination of respondent-mother's parental rights was in the children's best interests. Respondent-mother now appeals the trial court's 7 March 2008 order as to A.W., A.I.W., and M.C., but not as to her other two children. In the present appeal, respondent-mother contends that the trial court lacked subject matter jurisdiction because DSS failed to name the juveniles as respondents in the summonses. Because this is respondent-mother's sole argument brought forward on appeal, her remaining five assignments of error are deemed abandoned. N.C.R. App. P. 28(b)(6) (2008).

I.
Although respondent-mother only raises one issue on appeal, DSS has raised a threshold issue that we must address first. DSS contends that the doctrine of res judicata bars respondent-mother from asserting the defense of lack of subject matter jurisdiction in this second appeal. In her first appeal, respondent-mother did not raise lack of subject matter jurisdiction on the basis of an improperly issued summons, nor did this Court raise it sua sponte. See generally M.C., 2007 N.C. App. LEXIS 2300 at *5. Therefore, DSS contends the trial court's judgment affirming the termination of parental rights on remand constitutes a final judgment, and consequently, the doctrine of res judicata bars respondent-mother from raising a defense that could have been raised in her first appeal. In support of this contention, DSS cites to Hedgepeth v. N.C. Div. of Servs. for the Blind, 153 N.C. App. 652, 571 S.E.2d 262 (2002) (Hedgepeth II), a case involving the appeal of a final administrative agency decision.
Although DSS cites to a case involving a similar issue, its characterization of the issue is inexact. Our holding in Hedgepeth II was governed by the doctrine of the law of the case, not, as DSS suggests, res judicata. The two doctrines are similar, but apply to separate and distinct procedural settings. The law of the case doctrine applies to cases in which "'a question before an appellate court has previously been answered on an earlier appeal in the same case[.]'" Wrenn v. Maria Parham Hosp., Inc., 135 N.C. App. 672, 678, 522 S.E.2d 789, 792 (1999) (citation omitted), disc. review and cert. denied, 351 N.C. 372, 543 S.E.2d 149 (2000). In such a case, "'the answer to the question given in the former appeal becomes "the law of the case" for purposes of later appeals.'" Id. On the other hand, "[u]nder the doctrine of res judicata or claim preclusion, `a final judgment on the merits in a prior action will prevent a second suit based on the same cause of action between the same parties or those in privity with them.'" Naddeo v. Allstate Ins. Co., 139 N.C. App. 311, 318, 533 S.E.2d 501, 505 (2000) (citation omitted).
The instant case does not involve a second lawsuit brought after final judgment; rather, it involves one continuous action that has been appealed, remanded, and appealed a second time. Accordingly, the law of the case doctrine, not res judicata, would govern the issue of whether respondent-mother is barred from arguing lack of subject matter jurisdiction.
Nonetheless, Hedgepeth II is readily distinguishable from the instant case. In Hedgepeth II, the respondent appealed a final agency decision to superior court, which affirmed the final agency decision. The respondent appealed to this Court, and we reversed the superior court's order and remanded for a more specific order in accordance with our opinion. Hedgepeth v. N.C. Div. of Servs. for the Blind, 142 N.C. App. 338, 543 S.E.2d 169 (2001) ("Hedgepeth I"). In Hedgepeth I, the agency challenged the respondent's appeal on subject matter jurisdiction grounds, and we held that the superior court had jurisdiction to hear the respondent's appeal. Id. at 345, 543 N.C. App. at 174. The respondent did not seekreview of our decision in Hedgepeth I with the Supreme Court. After the superior court entered an order on remand, the respondent filed a petition for writ of certiorari with this Court, which was granted. Hedgepeth II, 153 N.C. App. at 655, 571 S.E.2d at 265.
In Hedgepeth II, the agency again tried to raise the defense of lack of subject matter jurisdiction. The agency contended that, because the issue of subject matter jurisdiction can be raised at any time, it could be raised for a second time in a second appeal. Id. We rejected the agency's argument, and held that our prior decision in Hedgepeth I on the issue of subject matter jurisdiction became the law of the case. Id.
Under the law of the case doctrine, an appellate court ruling on a question governs the resolution of that question both in subsequent proceedings in the trial court and on a subsequent appeal, provided the same facts and the same questions, which were determined in the previous appeal, are involved in the second appeal.
Creech v. Melnik, 147 N.C. App. 471, 473-74, 556 S.E.2d 587, 589 (2001), disc. review denied, 355 N.C. 490, 561 S.E.2d 498, disc. review denied, 355 N.C. 747, 565 S.E.2d 194 (2002). The law of the case doctrine only applies to questions actually presented to and determined by the court. Id.
In Hedgepeth II, the law of the case doctrine barred the agency from relitigating a subject matter jurisdiction issue. Here, lack of subject matter jurisdiction on the basis of an improperly issued summons was neither raised by respondent-mother, nor by this Court sua sponte. In the previous appeal, respondent-mother argued that the allegations of the petition failed to set forth sufficient facts to establish the existence of grounds to terminate parental rights. She erroneously labeled this an issue of subject matter jurisdiction, but we recognized that the issue raised by respondent-mother was actually a question as to whether the petition failed to state a claim for relief under N.C. R. Civ. P. 12(b)(6). M.C., 2007 N.C. App. LEXIS 2300 at *2. Thus, respondent-mother never raised the issue of whether the summonses conferred the trial court with subject matter jurisdiction, nor did this Court address the issue. Accordingly, this issue has not become the law of the case.
Moreover, respondent-mother has not waived her right to assert lack of subject matter jurisdiction as a defense. "[A] court's inherent authority does not allow it to act where it would otherwise lack jurisdiction." In re McKinney, 158 N.C. App. 441, 443, 581 S.E.2d 793, 795 (2003). As a consequence, a question regarding subject matter jurisdiction may be raised at any time, even in the Supreme Court. Lemmerman v. Williams Oil Co., 318 N.C. 577, 580, 350 S.E.2d 83, 85-86, reh'g denied, 318 N.C. 577, 350 S.E.2d 83 (1986). Thus, it also follows that questions of subject matter jurisdiction may be raised in a second appeal, even if the party had an opportunity to raise the question in a previous appeal and failed to do so.
Based on the foregoing, we now hold that respondent-mother is not barred from raising the question of subject matter jurisdiction on her second appeal.

II.
Having decided that respondent-mother is not barred from raising the issue of subject matter jurisdiction in her second appeal, we now turn to that issue. Respondent-mother contends that the trial court lacked subject matter jurisdiction because the summonses failed to name the juveniles as respondents. N.C. Gen. Stat. § 7B-1101 (2007) confers upon the court general jurisdiction over termination of parental rights proceedings. In re C.T. & R.S., 182 N.C. App. 472, 474, 643 S.E.2d 23, 24 (2007). However, general jurisdiction alone does not confer jurisdiction over the specific action. Id. at 474, 643 S.E.2d at 24-25. "It is well settled that the `summons, not the complaint, constitutes the exercise of the power of the State to bring the defendant before the court.'" In re K.A.D., ___ N.C. App. ___, ___, 653 S.E.2d 427, 428 (2007) (citation omitted). In termination of parental rights cases, issuance of the summons is governed by N.C. Gen. Stat. § 7B-1106(a) (2007). N.C. Gen. Stat. § 7B-1106(a) provides the following:
The summons shall be directed to the following persons or agency, not otherwise a party petitioner, who shall be named as respondents:
(1) The parents of the juvenile;
(2) Any person who has been judicially appointed as guardian of the person of the juvenile;
(3) The custodian of the juvenile appointed by a court of competent jurisdiction;
(4) Any county department of social services or licensed child-placing agency to whom ajuvenile has been released . . .; and
(5) The juvenile.
N.C. Gen. Stat. § 7B-1106 (emphasis added).
In In re S.F., ___ N.C. App. ___, ___, 660 S.E.2d 924, 927 (2008), we explained why strict procedural compliance with N.C. Gen. Stat. § 7B-1106(a) must be treated as a jurisdictional prerequisite:
While the best interest of S.F. and other juveniles in neglect, abuse, and dependency proceedings is our `polar star,' these cases likewise concern the fundamental right of a parent `"to make decisions concerning the care, custody, and control" of his or her child[] under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.' In light of the due process concerns related to terminating this fundamental right of Respondent-father, the requirement of a summons must be treated as a jurisdictional prerequisite, as specified by the General Assembly, rather than a mere procedural formality.
S.F., ___ N.C. App. at ___, 660 S.E.2d at 927 (citations omitted).
Likewise, in K.A.D., we held that a failure to issue a summons to the juvenile as a respondent is a defect which deprives the trial court of subject matter jurisdiction. K.A.D., ___ N.C. App. at ___, 653 S.E.2d at 428-29. See also A.F.H-G., ___ N.C. App. ___, ___, 657 S.E.2d 738, 739 (2008) ("Where no summons is issued to the juvenile as required by N.C. Gen. Stat. § 7B-1106(a)(5), we must vacate an order terminating parental rights under N.C. Gen. Stat. Chapter 7B for lack of subject matter jurisdiction.); S.F., ___ N.C. App. at ___, 660 S.E.2d at 928 ("As with the requirement to verify the petition, the issuance of a summons to each of the partiesnamed in the statute `is a minimally burdensome limitation on government action[.]'") (citations omitted).
In the instant case, the summonses issued did not comply with N.C. Gen. Stat. § 7B-1106(a). Neither of the summonses issued named the juveniles as respondents. The summonses did, however, name the guardian ad litem as a respondent. Citing our April 2008 decision in J.A.P., ___ N.C. App. ___, 659 S.E.2d 14 (2008), DSS contends that the summonses were sufficient to confer subject matter jurisdiction upon the trial court because the guardian ad litem was named as a respondent and was served with the summonses.
In J.A.P., we held that even where a summons did not comply with the technical requirements of N.C. Gen. Stat. § 7B-1106(a) because it failed to name the juvenile as a respondent, a trial court is nonetheless vested with subject matter jurisdiction as to that juvenile as long as: (1) the caption of the summons references the name of such juvenile; and (2) the summons is served upon the juvenile's guardian ad litem or upon the guardian ad litem's attorney advocate. J.A.P., ___ N.C. App. at ___, 659 S.E.2d at 17.
Despite the conflict between J.A.P. and our holding in K.A.D., J.A.P. has been followed by a number of recent decisions. See, e.g., In re S.D.J., ___ N.C. App. ___, 665 S.E.2d 818 (2008); In re N.C.H., ___ N.C. App. ___, 665 S.E.2d 812 (2008). While we believe that J.A.P. and the line of cases following that decision conflict not only with our decision in K.A.D., but with prior precedent emphasizing that the procedural requirements of N.C. Gen. Stat. § 7B-1106 are not mere formalities, but rather, are jurisdictional prerequisites, we are bound by J.A.P. and its progeny. See In the Matter of Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("[W]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").
In the instant case, the two summonses referenced all three juveniles in the captions. The two summonses also named the children's guardian ad litem as a respondent, and the guardian ad litem accepted service on behalf of the children. In light of this Court's recent decisions, we hold that the summonses' deviation from the requirements of N.C. Gen. Stat. § 7B-1106(a) did not deprive the trial court of subject matter jurisdiction. Accordingly, we affirm the trial court's order.
Affirmed.
Judge JACKSON concurs.
Judge STEPHENS concurs in result only.
Report per Rule 30(e).