670 S.E.2d 922 (2009)
In the Matter of S.L.T. & A.A.T.
No. COA08-1223.
Court of Appeals of North Carolina.
January 20, 2009.
Charles E. Frye, III, Lexington, for Petitioner-Appellee Davidson County Department of Social Services.
David A. Perez, Thomasville, for Respondent-Appellant.
Pamela Newell Williams, Raleigh, for Guardian ad Litem.
McGEE, Judge.
Respondent appeals from orders terminating her parental rights to A.A.T. and S.L.T. The Davidson County Department of Social Services (DSS) filed petitions alleging that A.A.T. and S.L.T. were neglected and dependent juveniles on 12 January 2005. [R. pp. 89-97] The trial court adjudicated A.A.T. and S.L.T. neglected and dependent juveniles by order filed 10 August 2005, based on stipulations entered into between the parties. [R. pp. 111-14] DSS filed a petition to terminate *923 Respondent's parental rights as to S.L.T. on 27 October 2006.[R. pp. 2-8]
DSS filed a second petition on 14 December 2006, alleging that A.A.T. was a neglected and dependent juvenile. [R. pp. 366-69] The trial court adjudicated A.A.T. a neglected and dependent juvenile by order filed 12 February 2007, based on stipulations entered into between the parties. [R. pp. 399-401] DSS filed a petition to terminate Respondent's parental rights as to A.A.T. on 17 April 2007. [R. pp. 40-45] The trial court terminated Respondent's parental rights as to both juveniles by order filed 27 June 2008. [R. pp. 506-35] Respondent appeals.
Respondent's sole argument on appeal is that the trial court lacked subject matter jurisdiction over this matter because no summonses were issued to the juveniles as respondents. We disagree.
Upon the filing of a petition to terminate a parent's rights to the custody of that parent's child, the trial court must issue a summons to the juvenile, naming that juvenile as a respondent. N.C. Gen.Stat. § 7B-1106 (2008). Our Court held in In re C.T. & R.S., 182 N.C.App. 472, 474-75, 643 S.E.2d 23, 25 (2007), that the failure to issue a summons referencing the juvenile R.S. deprived the trial court of subject matter jurisdiction over R.S. Based on our Court's holding in In re C.T. & R.S., this Court has subsequently held that issuance of a summons to the juvenile is required to obtain subject matter jurisdiction in termination cases. See In re A.F.H-G, ___ N.C.App. ___, ___, 657 S.E.2d 738, 739-40 (2008); In re I.D.G., ___ N.C.App. ___, ___, 655 S.E.2d 858, 859 (2008); In re K.A.D., 187 N.C.App. 502, 504, 653 S.E.2d 427, 428-29 (2007). However, in In re S.D.J. our Court determined that
if a summons is not properly issued naming the juvenile as a respondent in a proceeding to terminate parental rights to the juvenile, the trial court will retain subject matter jurisdiction over the termination proceeding where the caption of an issued summons refers to the juvenile by name and a designated representative of the juvenile certifies the juvenile was served with the petition.
In re S.D.J., ___ N.C.App. ___, ___, 665 S.E.2d 818, 820 (2008) (citing In re J.A.P., I.M.P., ___ N.C.App. ___, ___, 659 S.E.2d 14, 17 (2008)). Service accepted by a juvenile's guardian ad litem constitutes service to the juvenile. Id.; see also In re N.C.H., G.D.H., D.G.H., ___ N.C.App. ___, ___, 665 S.E.2d 812, 813 (2008) (Stroud, J., dissenting).
In the case before us, it appears no summonses were issued to the juveniles as respondents. Nevertheless, the captions of the summonses state the names of the juveniles, and the guardian ad litem for the juveniles certified that she accepted service of the petitions on the juveniles' behalf. [R. pp. 17, 22, 32, 73] Therefore, in accordance with our Court's holdings in J.A.P, N.C.H. and S.D.J., we conclude the trial court acquired subject matter jurisdiction to hear the petition to terminate Respondent's parental rights. Respondent's argument is without merit.
Affirmed.
Judge ELMORE concurs.
Judge STROUD dissents with a separate opinion.
STROUD, Judge, dissenting.
I respectfully dissent for the same reasons as discussed in my dissent in In re N.C.H., G.D.H., D.G.H., ___ N.C.App. ___, ___, 665 S.E.2d 812, 813-18 (2008) (Stroud, J., dissenting).