In re: K.P.W. A minor child.
In re: M.A.W. A minor child.
No. COA08-1028.
Court of Appeals of North Carolina
Filed March 3, 2009
This case not for publication
No brief filed for petitioner-appellee mother.
Judy N. Rudolph, for respondent-appellant father.
No brief filed for respondent-appellee minor children.
WYNN, Judge.
The Respondent Father in this matter seeks to appeal from the trial court's order terminating his parental rights over his two biological children arguing that trial court erred by: (I) terminating his rights on the ground that he willfully abandoned the children, (II) holding that terminating his parental rights was in the best interests of the children, and (III) allowing continuances with the result that the hearing occurred ten months after the filing of the petition. After review of the record, we uphold the trial court's order of termination.

I.
Regarding the first issue on whether the trial court erred by finding the Father willfully abandoned his children, it isdispositive to point out that the Father challenges only one of the two grounds that the trial court used to terminate his parental rights. The failure to challenge one of the grounds for terminating his parental rights is fatal to his appeal as the existence of only one ground is sufficient for termination of parental rights. N.C. Gen. Stat. § 7B-1111(a) (2007).
The record shows that o n 3 June 2008, the trial court entered an order terminating the Father's parental rights on the following grounds:
(a) . . . the Respondent Father has willfully abandoned the juveniles for at least six consecutive months immediately preceding the filing of this petition.
(b) . . . [the Respondent Father] has for a period of one year or more next preceding the filing of the petition or motion willfully failed without justification to pay for the care, support, and educations of the juvenile, as required by said decree or custody agreement.
In this appeal, however, the Father challenges only the first ground. It is well-established that the existence of only one ground is sufficient for termination of parental rights. Id. Indeed, the Father makes no argument in his brief concerning the second ground for terminating his parental rights; therefore, it is conclusive before this Court. N.C. R. App. P. 28(b)(6) (2007) ("[a]ssignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned."). Accordingly, we must hold the unchallenged basis that the Father "for a period of a year or more . . . failed with justification to pay for the care, support, and education" of his children, is a sufficient ground for terminating the Father's parental rights. We note in passing that though we need not review the Father's challenge to the other basis for terminating his parental rights"willfully abandoned the juveniles for at least six months"we have nonetheless examined the record on appeal and determined that the evidence supports this finding.

II.
The Father next argues that the trial court erred by concluding that it was in the minor children's best interests to terminate his parental rights. We disagree.
After determining that grounds to terminate parental rights exist, the trial court must consider whether terminating the parent's rights are in the best interests of the minor children. N.C. Gen. Stat. § 7B-1110(a) (2007); see also In re Nesbitt, 147 N.C. App. 349, 352, 555 S.E.2d 659, 662 (2001). "In making this determination, the court shall consider the following: (1) The age of the juvenile; (2) The likelihood of adoption of the juvenile; (3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile; (4) The bond between the juvenile and the parent; (5) The quality of the relationship between the juvenile and the proposed adoptive parent . . .; (6) Any relevant consideration." N.C. Gen. Stat. § 7B-1110(a)(1)-(6). "The trial court's decision to terminate parentalrights is reviewed on an abuse of discretion standard." Nesbitt, 147 N.C. App. at 352, 555 S.E.2d at 662 (citations omitted).
At the hearing, the Mother testified that the Father has not been around the minor children for most of their lives; that the youngest of the two children probably does not know the Father because she was an infant when he last visited; and that the minor children have bonded with her new husband, whom both refer to as "daddy." Moreover, in unchallenged findings of fact 26-28, the trial court found that the minor children refer to the Mother's new husband as "daddy;" that he is "an appropriate father figure for the minor children and provides for the children's physical and emotional needs and support;" and that he wants to adopt the minor children. We conclude that the trial court did not abuse its discretion in concluding that it was in the minor children's best interests to terminate the Father's parental rights.

III.
Finally, the Father argues that the trial court committed prejudicial error by allowing continuances with the result that the hearing occurred ten months after the filing of the petition.
N.C. Gen. Stat. § 7B-801(c) requires that the adjudicatory hearing should occur within sixty days from the filing of the petition. Here, the matter came on for adjudication on 24 April 2008, well beyond sixty days from the filing of the petition on 27 June 2007. The Father argues that such delay prejudiced his ability to defend against the petition's allegations, but at leasttwo continuance orders in the record show that they were granted on the Father's behalf.
An undated order in the record continued the hearing until 14 December 2007 and was granted on the Father's motion. Another order, entered on 19 March 2008, continued the hearing until 24 April 2008 while the trial court addressed in the interim the Father's motions to change the guardian ad litem and to recuse the trial judge. Therefore, the Father cannot claim that he was prejudiced by delay resulting from his motions. See In re C.T., 182 N.C. App. 472, 476-77, 643 S.E.2d 23, 26 (2007) (holding that thirteen-month delay was not prejudicial where delay inured to the respondent's benefit).
Affirmed.
Chief Judge MARTIN and Judge McGEE concur.
Report per Rule 30(e).