McGEE, Chief Judge.
Respondent-Father ("Father") appeals from the district court's order terminating his parental rights to J.A.K. ("the Child"). We affirm.
I. Background
The Caldwell County Department of Social Services ("DSS") filed a juvenile petition on 12 July 2013 ("the original petition"), the day after the child was born, alleging that the child was neglected and dependent. The petition alleged, inter alia,that (1) Respondent-Mother ("Mother") had a long history with DSS; (2) four other children had been removed from her custody; (3) she had substance abuse issues and was not following her case plan; and (4) she tested positive for cocaine at the Child's birth. DSS obtained nonsecure custody of the Child in an order entered 12 July 2013. DSS filed an amended juvenile petition on 16 July 2013 ("the amended petition"). The amended petition reiterated all the allegations from the original petition, but added allegations that the Child tested positive for cocaine and oxycodone at birth and that Father had acknowledged paternity.[1]
The trial court continued the Child's nonsecure custody with DSS in an order entered 31 July 2013 ("the continued nonsecure custody order"). An adjudication and disposition hearing was held on 17 and 18 September 2013. The trial court adjudicated the Child dependent in an order entered 30 September 2013, based on facts stipulated to by Father and Mother. In a separate disposition order entered 30 September 2013, the trial court concluded it was in the Child's best interest to remain in DSS custody.
DSS filed a petition on 16 May 2014 to terminate Father's and Mother's parental rights to the Child, based on the following grounds: neglect, failure to pay a reasonable portion of the cost of care for the juvenile, and dependency. SeeN.C. Gen.Stat. § 7B-1111(a)(1), (3), (6) (2013). The trial court held a termination of parental rights hearing on 23 July 2014. In an order entered 19 August 2014, the trial court found the existence of all three of the above grounds for termination. The trial court then concluded that termination of Father's and Mother's parental rights was in the Child's best interest. Father appeals.
II. Analysis
Father argues on appeal that DSS lacked standing to bring a termination of parental rights action and that the trial court lacked subject matter jurisdiction to enter an order terminating his parental rights. Specifically, Father contends that, because the 16 July 2013 amended petition was not verified, as required by N.C. Gen.Stat. § 7B-403 (2013), "the trial court lacked subject matter jurisdiction to enter the [31] July 2013 [continuing] nonsecure custody order and all subsequent custody orders[,]" thereby depriving DSS of legal custody of the Child and, therefore, standing to bring the present termination of parental rights action. SeeN.C. Gen.Stat. § 7B-1103(a) (2013) ("A petition ... to terminate [ ] parental rights ... may only be filed by ... [a] county department of social services ... to whom custody of the juvenile has been given by a court of competent jurisdiction."). According to Father, because DSS did not have standing, the trial court did not have subject matter jurisdiction to terminate Father's parental rights. We disagree.
As an initial matter, we note that "[t]he issue of subject matter jurisdiction may be considered by the court at any time, and may be raised for the first time on appeal." In re T.B.,177 N .C.App. 790, 791, 629 S.E.2d 895, 896-97 (2006). "Subject matter jurisdiction cannot be conferred upon a court by consent, waiver or estoppel, and therefore failure to ... object to the jurisdiction is immaterial." In re T.R.P.,360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006) (citation and internal quotation marks omitted). This Court reviews questions of subject matter jurisdiction de novo. See In re K.A.D.,187 N.C.App. 502, 503, 653 S.E.2d 427, 428 (2007).
Our Supreme Court has outlined the standard for submitting juvenile petitions:
Abuse, neglect, and dependency actions are statutory in nature and are governed by Chapter 7B of the North Carolina General Statutes (the Juvenile Code). Such actions are typically initiated when the local department of social services (DSS) files a petition making appropriate allegations.... The Juvenile Code sets out the specific requirements for a valid juvenile petition: "[T]he petition shall be drawn by the [DSS] director, verified before an official authorized to administer oaths, and filed by the clerk, recording the date of filing."
T.R.P.,360 N.C. at 591, 636 S.E.2d at 790 (quoting N.C.G.S. § 7B-403(a) ). Failure to verify a petition constitutes a "fatal defect" to the trial court's subject matter jurisdiction. Id.at 598, 636 S.E.2d at 795. However, "a properly verified juvenile petition [ ] invoke[s] the jurisdiction of the trial court," and once the trial court's subject matter jurisdiction is established, it carries through all the "interrelated stages" of the juvenile abuse, neglect, and dependency action. Id.at 593, 636 S.E.2d at 791-92.
In the present case, Father does not contest the validity of the original juvenile petition. Alicia Storie, a social worker and authorized representative of DSS's director, seeN.C. Gen.Stat. 7B-101(10) (2013), signed and verified the petition before a magistrate and filed it with the Caldwell County clerk of court on 12 July 2013. SeeN.C.G.S. § 7B-403(a). Although DSS submitted an unverified amended petition on 16 July 2013, Father does not provide this Court with any authority indicating that the amended petition somehow divested the trial court of its subject matter jurisdiction, which was established when DSS filed the original petition on 12 July 2013. Additionally, because the trial court had subject matter jurisdiction, it had the authority to continue the Child's custody with DSS and, therefore, DSS had standing to bring a termination of parental rights action against Father. SeeN.C.G.S. § 7B-1103(a)(3). Father's argument is without merit.
AFFIRMED.
Judges CALABRIA and HUNTER, JR. concur.
Report per Rule 30(e).
Opinion
Appeal by Respondent-Father from order entered 19 August 2014 by Judge J. Gary Dellinger in District Court, Caldwell County. Heard in the Court of Appeals 29 June 2015.

By the time of the adjudication order, DNA testing had confirmed that Father was the biological father of the Child.