IN RE: I.D.G., A MINOR JUVENILE

No. COA07-1107

(Filed 5 February 2008)

**Termination of Parental Rights— lack of subject matter jurisdiction—failure to issue summons to juvenile**

The trial court lacked subject matter jurisdiction over a termination of parental rights proceeding because DSS failed to issue a summons to the juvenile under N.C.G.S. § 7B-1106(a)(5). Thus, the order terminating respondent father's parental rights is vacated. If DSS had filed a motion to terminate in the ongoing juvenile abuse, neglect, and dependency case as provided under N.C.G.S. § 7B-1102, the issuance of a summons would not have been required.

Appeal by respondent-father from an order entered 5 June 2007 by Judge John K. Greenlee in Gaston County District Court. Heard in the Court of Appeals 7 January 2008.

*Elizabeth Myrick Boone for petitioner-appellee Gaston County Department of Social Services; Heather Adams for Guardian ad Litem.*

*Winifred H. Dillon for respondent-appellant father.*

HUNTER, Judge.

Respondent-father appeals the order terminating his parental rights to the minor child, I.D.G. On 21 April 2005, the Gaston County Department of Social Services ("DSS") filed a juvenile petition alleg-

**IN RE I.D.G.**

[188 N.C. App. 629 (2008)]

ing that I.D.G. was a neglected and dependent juvenile. The basis for these allegations included respondent-mother's ("mother") drug use, her failure to provide a stable home and financial support to the child due to her incarceration during most of the child's life. The petition further alleged that mother's husband, the legal father of I.D.G. ("legal father"), and respondent-appellant father ("respondent-father"), the biological father of the child, were incarcerated during most of the child's life and had each failed to provide support in any form to I.D.G.

On the date the juvenile petition was filed, DSS was granted non-secure custody, and a Guardian ad Litem was appointed for the child. While I.D.G. was initially placed with the child's maternal grandmother with whom he had resided for most of his life, DSS placed the child in foster care on 29 May 2005.

On 13 September 2005, the trial court adjudicated I.D.G. as neglected and dependent. Following a permanency planning hearing in March of 2006, the trial court changed the permanent plan to adoption. On 12 September 2006, mother's parental rights were terminated. On 11 October 2006, the legal father signed a release for adoption. While respondent-father initially requested to relinquish his parental rights, he subsequently rescinded.

On 29 November 2006, DSS filed a petition to terminate respondent-father's parental rights. A hearing was conducted on the petition on 16 May 2006. On 5 June 2007, the trial court entered an order terminating respondent-father's parental rights. Respondent-father now appeals.

The dispositive argument raised by respondent-father on appeal is that the trial court lacked subject matter jurisdiction over the termination of parental rights proceeding because DSS failed to issue a summons to the juvenile pursuant to N.C. Gen. Stat. § 7B-1106(a)(5) (2005). The appellees have conceded that neither the juvenile nor the Guardian ad Litem appointed for the juvenile were served with a summons as required by statute.

As we have most recently held, upon the filing of a petition to terminate parental rights, a summons must be properly issued to the juvenile as required by N.C. Gen. Stat. § 7B-1106. Without the issuance of such summons, "an order terminating parental rights must be vacated for lack of subject matter jurisdiction." *In re K.A.D.*, 187 N.C. App. ——, ——, 653 S.E.2d 427, 429 (2007) (citing *In re C.T. &*

*R.S.*, 182 N.C. App. 472, 474-75, 643 S.E.2d 23, 25 (2007)). Accordingly, as no summons was issued to the juvenile in this case, we conclude that the trial court lacked subject matter jurisdiction, and vacate the order terminating respondent-father's parental rights.

While DSS's failure to serve a summons on the juvenile compels our ruling in this case, we note that had DSS filed a *motion* to terminate in the ongoing juvenile abuse, neglect, and dependency case as provided by N.C. Gen. Stat. § 7B-1102, the issuance of a summons would not have been required. In such pending cases, a party seeking termination is only required to serve notice of the motion to terminate on the parties which are specified in N.C. Gen. Stat. § 7B-1106.1. Section 1106.1(a)(6) requires service of the notice on the juvenile only where the juvenile is age twelve or older. Furthermore, even where service of the required notice is not made on the necessary parties, such service can be waived by appearance and failure to raise an objection. *See In re J.S.L.*, 177 N.C. App. 151, 155, 628 S.E.2d 387, 389-90 (2006) (holding that a party who is entitled to notice under N.C. Gen. Stat. § 7B-1106.1 waives that notice by attending and participating in the hearing of the motion without objecting to the lack of notice) (citing *In re B.M.*, 168 N.C. App. 350, 355, 607 S.E.2d 698, 702 (2005)). From a review of the record in this case, it appears that DSS had an option to file a motion in the ongoing juvenile cause under N.C. Gen. Stat. § 7B-1102, thereby avoiding the lack of subject matter jurisdiction resulting from the failure to serve the summons required by N.C. Gen. Stat. § 7B-1106.

Vacated.

Judges McGEE and ARROWOOD concur.