**IN RE N.C.H., G.D.H., D.G.H.**

[192 N.C. App. 445 (2008)]

IN THE MATTERS OF: N.C.H., G.D.H., D.G.H.

No. COA08-413

(Filed 2 September 2008)

**Termination of Parental Rights— subject matter jurisdiction—
failure to issue summonses in names of juveniles—caption
of summons**

The trial court had subject matter jurisdiction in a termination of parental rights case even though no summonses
were issued in the juveniles' names as required by N.C.G.S.
§ 7B-1106(a)(5) because: (1) service on the guardian ad litem
constitutes service on the juvenile, which is sufficient to establish subject matter jurisdiction when combined with naming the
juvenile in the caption of the summons; and (2) in the instant
case, the captions of the summonses naming the parents as
respondents state the names of the juveniles, and the guardian ad
litem for the juveniles certified that she accepted service of the
petition on the juveniles' behalf.

Judge STROUD dissenting.

Appeal by respondent-mother from orders entered 18 January
2008 by Judge Mary F. Covington in Davidson County District Court.
Heard in the Court of Appeals 5 August 2008.

*Staff Attorney Charles E. Frye, III for petitioner-appellee
Davidson County Department of Social Services; Laura B. Beck
for appellee Guardian ad Litem.*

*Don Willey for respondent-appellant.*

HUNTER, Judge.

Respondent-mother ("respondent") appeals the orders terminating her parental rights to the minor children, G.D.H., D.G.H., and
N.C.H. G.D.H. was born in 1999, D.G.H. in 2000, and N.C.H. in 2001.
On 22 June 2006, the Davidson County Department of Social Services
("DSS") filed a petition alleging the children were abused and
neglected. The children were placed in the nonsecure custody of DSS
and have remained in DSS custody. On 27 February 2007, the children
were adjudicated abused and neglected. Respondent appealed the
orders and this Court affirmed the trial court's decision in an opinion

filed 2 October 2007. *See In the Matter of G.D.H., D.G.H., N.C.H.*, 186 N.C. App. 304, 650 S.E.2d 675 (2007) (unpublished).

On 31 January 2007, DSS filed petitions to terminate respondent's parental rights. The respective birth and legal fathers relinquished their rights and executed consents for adoption as to the children. On 18 January 2008, the trial court entered orders terminating respondent's parental rights, from which respondent now appeals.

Respondent argues that the trial court lacked subject matter jurisdiction because no summonses were issued in the juveniles' names as required by N.C. Gen. Stat. § 7B-1106(a)(5) (2007). We find this Court's recent decision in *In re J.A.P. & I.M.P.*, 189 N.C. App. 683, 659 S.E.2d 14 (2008), controlling on this issue. In that case, the summonses issued named the juveniles in the case caption, but did not name the juveniles as respondents. A guardian ad litem had been appointed for the juveniles. The guardian ad litem was not served with a copy of the summonses; however, the attorney advocate for the guardian ad litem was served. We held that where a juvenile's guardian ad litem is represented by an attorney advocate, service of the summons on the attorney advocate constitutes service on the guardian ad litem. Further, service on the guardian ad litem constitutes service on the juvenile, which is sufficient to establish subject matter jurisdiction when combined with naming the juvenile in the caption of the summons. *Id.* at 686, 659 S.E.2d at 17.

In the case of *In re S.D.J.*, 192 N.C. App. ——, ——, ——, S.E.2d ——, —— (2008), filed simultaneously herewith, we found that the trial court had subject matter jurisdiction even though a summons was not issued to the juvenile. *Id.* We reasoned that "the captions of the summonses naming the parents as respondents state the name of the juvenile, and the guardians ad litem for the juvenile certified that they accepted service of the petition on the juvenile's behalf[.]" *Id.* at ——, —— S.E.2d at ——. In *S.D.J.* we adhered to the precedent set in *J.A.P.*

Here, the record before us shows summonses captioned as follows: "In the Matter of: [N.C.H.]"; "In the Matter of: [G.D.H.]"; and "In the Matter of: [D.G.H.]." The record also contains certifications from the guardian ad litem appointed for the juveniles that she was served with a copy of the summonses. We find that there are no significant distinctions between the facts of this case and those in *J.A.P.* or *S.D.J.* Therefore, in accordance with our holdings in those cases, we conclude that the trial court had subject matter jurisdiction over these proceedings. The orders are affirmed.

**IN RE N.C.H., G.D.H., D.G.H.**

[192 N.C. App. 445 (2008)]

Affirmed.

Judge McGEE concurs.

Judge STROUD dissents in a separate opinion.

STROUD, Judge dissenting.

Because I do not believe the trial court had subject matter jurisdiction to enter the orders terminating parental rights as to the three juveniles, I respectfully dissent.

## I. Background

The majority opinion correctly states the procedural history of this case. However, the failure of this Court in some of its prior opinions to identify clearly and to state in the opinion the factual details regarding the summonses which were actually issued has caused some of the confusion in the cases. Therefore, I would like to note that in this case, termination of parental rights ("TPR") summonses were issued on 1 February 2007.[1] Each juvenile's name appeared in the caption of a summons, but no summons appearing in the record was issued to a juvenile as respondent. On 3 February 2007, the guardian *ad litem* for the juveniles signed an acceptance of service, which was filed with the trial court on 6 February 2007, for each of the three TPR summonses (one naming each juvenile in the caption) and the TPR petitions.

## II. Legal Analysis

Respondent argues that the trial court lacked subject matter jurisdiction because no summonses were issued in the juveniles' names as required by N.C. Gen. Stat. § 7B-1106(a)(5). I agree.

### A. Concepts and Rules

"Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question [and] is conferred upon the courts by either the North Carolina Constitution or by statute."

---

1. In this case, as well as in each of the cases cited in subsection B and several others not cited herein, the summons was issued using the obsolete AOC form J-208 (New 7/99), which has the option to identify a respondent by checking a box for "Juvenile, if 12 or older" based upon superseded N.C. Gen. Stat. § 1106(a)(5) (2001). I would stress that those filing the TPR petitions must stay informed as to statutory changes and that they should use the most current AOC form J-208 for summons in TPR cases where the issuance and service of a summons is mandated by statute.

*Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987) (citations omitted). More specifically, "[j]urisdiction is the power of a court to decide a case on its merits; it is the power of a court to inquire into the facts, to apply the law, and to enter and enforce judgment." *In re C.T. & R.S.*, 182 N.C. App. 472, 473, 643 S.E.2d 23, 24 (2007) (citations and quotation marks omitted). "Jurisdiction rests upon the law and the law alone. It is never dependent upon the conduct of the parties." *In re T.R.P.*, 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006) (citation and quotation marks omitted). Therefore, "[s]ubject matter jurisdiction cannot be conferred upon a court by consent, waiver or estoppel, and failure to demur or object to the jurisdiction is immaterial." *C.T.*, 182 N.C. App. at 473, 643 S.E.2d at 24 (citations and quotation marks omitted).

The district court is vested with exclusive original jurisdiction over proceedings for the termination of parental rights ("TPR"). N.C. Gen. Stat. § 7B-200(a)(4) and § 7B-1101 (2007). For the district court to acquire subject matter jurisdiction over a particular TPR proceeding, strict compliance with the statutory provisions enacted by the General Assembly is necessary. *In re S.F.*, 190 N.C. App. 779, 782, 660 S.E.2d 924, 928 (2008); *see also T.R.P.*, 360 N.C. at 590, 636 S.E.2d at 790 (vacating custody review order when statutory verification requirements were not strictly complied with).

The district court's subject matter jurisdiction as to a particular action to terminate parental rights is invoked by the filing of a motion, N.C. Gen. Stat. § 7B-1102(a) (2007) or a petition,[2] N.C. Gen. Stat. § 7B-1105 (2007), in accordance with the statutory mandates of Article 11 of Chapter 7B of the North Carolina General Statutes, which "provide judicial procedures for terminating the legal relationship between a juvenile and the juvenile's biological or legal parents[,]" N.C. Gen. Stat. § 7B-1100(1) (2007). N.C. Gen. Stat. § 7B-1106(a) sets forth the requirement that a summons be issued to certain parties, including the juvenile, as respondents.[3] Upon the filing of a termination petition, N.C. Gen. Stat. § 7B-1106(a) mandates that "the court *shall* cause a summons to be *issued. The summons shall be directed to* the following persons or agency, not otherwise a party petitioner, who *shall be named as respondents*

---

2. Filing of a motion has relaxed notice and jurisdictional requirements compared to a petition. N.C. Gen. Stat. § 7B-1102; *In re I.D.G.*, 188 N.C. App. 629, 630, 655 S.E.2d 858, 859 (2008). A petition was filed in the instant case.

3. N.C. Gen. Stat. § 7B-1105 makes some exceptions to this requirement, not relevant *sub judice*, if a parent of the juvenile is unknown.

[including, *inter alia,*] [t]he juvenile." N.C. Gen. Stat. § 7B-1106(a)(5) (2007) (emphasis added); *see also In re Poole*, 151 N.C. App. 472, 475, 568 S.E.2d 200, 202 (2002) (Timmons-Goodson, J., dissenting) ("The issuance and service of process is the means by which the court obtains jurisdiction [in an abuse, neglect, or dependency proceeding] thus where no summons is issued, the court acquires jurisdiction over neither the parties nor the subject matter of the action." (Citations and emphasis in original omitted.)), *rvs'd*, 357 N.C. 151, 579 S.E.2d 248 (2003) (reversing per curiam for the reasons stated in the dissenting opinion).

In general, the summons in a civil action is the means of obtaining *personal* jurisdiction over the defendant. N.C. Gen. Stat. § 1A-1, Rule 4(j); *Draughon v. Harnett Cty. Bd. of Educ.*, 166 N.C. App. 449, 451, 602 S.E.2d 717, 718 (2004) ("In order for a court to obtain personal jurisdiction over a defendant, a summons must be issued and service of process secured by one of the statutorily specified methods."); *Childress v. Forsyth County Hosp. Auth.*, 70 N.C. App. 281, 285, 319 S.E.2d 329, 332 (1984) ("The summons constitutes the means of obtaining jurisdiction over the defendant."), *disc. review denied*, 312 N.C. 796, 325 S.E.2d 484 (1985). *But see Conner Bros. Mach. Co. v. Rogers*, 177 N.C. App. 560, 562, 629 S.E.2d 344, 345 (2006) (holding that subject matter jurisdiction did not exist in a civil action when no summons was issued within five days of filing the complaint, because the action was deemed never to have commenced per N.C. Gen. Stat. § 1A-1, Rule 4(a)); *Dozier v. Crandall*, 105 N.C. App. 74, 78, 411 S.E.2d 635, 638 ("[T]he action is discontinued as to *any defendant* not served within the time allowed and treated as if it had never been filed" per N.C. Gen. Stat. § 1A-1, Rule 4(e). (Emphasis in original omitted, emphasis added.)), *disc. review improvidently allowed*, 332 N.C. 480, 420 S.E.2d 826 (1992). However, the issuance of the summons confers *subject matter jurisdiction* in a proceeding for termination of parental rights, perhaps because the juvenile is both a person and the subject matter of the litigation. *See In re Mitchell*, 126 N.C. App. 432, 433, 485 S.E.2d 623, 624 (1997) ("In a juvenile action, the petition is the pleading; the summons is the process. The issuance and service of process is the means by which the court obtains jurisdiction. Where no summons is issued the court acquires jurisdiction over neither the persons nor the subject matter of the action." (Citations omitted.)); *see also In re I.D.G.*, 188 N.C. App. 629, 630, 655 S.E.2d 858, 859 (2008) ("[A]s no summons was issued to the juvenile in this case, we conclude that the trial court lacked subject matter jurisdiction. . . .").

## B. Recent Case Law

Several recent panels of this Court have struggled with the question of subject matter jurisdiction where a summons is not "issued" to the juvenile as a respondent in an action for termination of parental rights. *See, e.g., In re C.T. & R.S.*, 182 N.C. App. 472, 643 S.E.2d 23 (2007); *In re K.A.D.*, 187 N.C. App. 502, 653 S.E.2d 427 (2007); *In re I.D.G.*, 188 N.C. App. 629, 655 S.E.2d 858 (2008); *In re A.F.H-G.*, 189 N.C. App. 160, 657 S.E.2d 738 (2008); *In re J.A.P. & I.M.P*, 189 N.C. App. 683, 659 S.E.2d 14 (2008); *In re S.F.*, 190 N.C. App. 779, 660 S.E.2d 924 (2008). The desire to uphold the permanency of court rulings which profoundly affect children whose lives have been plagued with uncertainty makes a ruling which appears to be based on a "technicality" (such as the location of a child's name on a summons form) seem unfair and unjust. *See T.R.P.*, 360 N.C. at 599, 636 S.E.2d at 795 (Newby, J., dissenting) ("The majority's preference for form over substance in juvenile proceedings threatens to introduce additional instability into the lives of at-risk children."). A ruling based on a "technicality" seems especially unjust to the juvenile in cases where it is clear that all of the proper parties had actual notice of the termination action and where the facts of the case fully support the need for termination of parental rights. This Court's recent opinions appear to struggle with this tension, and are somewhat confusing and difficult to reconcile. *See, e.g., In re K.A.D.*, 187 N.C. App. 502, 653 S.E.2d 427 (2007); *In re J.A.P. & I.M.P.*, 189 N.C. App. 683, 659 S.E.2d 14 (2008).

A recounting of several recent cases is in order. On 3 April 2007, this Court filed *In re C.T.*, 182 N.C. App. 472, 643 S.E.2d 23. In *C.T.*, Forsyth County DSS filed a petition to terminate parental rights as to two juveniles, R.S. and C.T. *Id.* at 473, 643 S.E.2d at 24. The summons issued by the trial court contained the name of C.T., but not R.S., in the caption. *Id.* However, the summons was not *issued to* either R.S. or C.T. as respondent.[4] *Id.* This Court *vacated the termination order with respect to R.S.* for lack of subject matter jurisdiction, but reviewed the merits and *affirmed the termination order as to C.T. Id.* at 475-76, 643 S.E.2d at 25. Unfortunately, *C.T.* failed to differentiate between the *issuance* of a summons and *reference* to the juve-

---

4. The content of the underlying summons in *C.T.* is not precisely clear in the opinion of this Court, but is clear from a review of the records of this Court in case No. COA06-923. Although I prefer not to inquire into the records of previous opinions, it was necessary in this situation in an attempt to find a way to reconcile apparently conflicting holdings. *See In re A.F.H-G.*, 189 N.C. App. 160, 161, 657 S.E.2d 738, 740-41 n.1 (2008) (Stephens, J., concurring with reservations in a separate opinion).

nile's name in the summons' case caption. *See id.* at 473-75, 643 S.E.2d at 24-25. *C.T.* noted in the introduction that the summons "referenced only C.T." and there was "no summons with respect to R.S." *Id.* at 473, 643 S.E.2d at 24. However, the stated reason for the holding of *C.T.'s* which vacated the TPR order as to R.S. is that "[i]n the instant case, the record fails to show that a summons was ever *issued* to R.S." *Id.* at 475, 643 S.E.2d at 25. (emphasis added). While that statement is true, the record also failed to show that a summons was ever issued to C.T., yet this Court reviewed the merits of the order terminating parental rights as to C.T. and affirmed it without discussion of the trial court's jurisdiction over the action. *Id.* at 479-80, 643 S.E.2d at 28.

On 3 December 2007, this Court decided *In re K.A.D.*, 187 N.C. App. 502, 653 S.E.2d 427 (2007). *K.A.D.* extended the holding of *C.T.* as to the juvenile R.S., while impliedly contradicting *C.T.* as to the juvenile C.T. *K.A.D.* at 503-04, 653 S.E.2d at 428-29; *see also In re A.F.H-G.*, 189 N.C. App. 160, 161, 657 S.E.2d 738, 740-41 (2008) (Stephens, J., concurring with reservations in a separate opinion and discussing the differences of *K.A.D.* and *C.T.*) *K.A.D.* vacated the order terminating parental rights when the summons issued by the trial court contained the child's name in the caption, but was *not issued to the child as respondent.*[5] *K.A.D.*, 187 N.C. App. at 502, 653 S.E.2d at 427. ("Failure to issue a summons deprives the trial court of subject matter jurisdiction. . . . Because no summons was issued to the juvenile as required by N.C. Gen. Stat. § 7B-1106(a) (2005), we must vacate the order terminating Respondent-father's parental rights." (Citation footnote and quotation marks omitted.))

On 5 February 2008, *K.A.D.* was followed by *In re I.D.G.*, 188 N.C. App. 629, 630, 655 S.E.2d 858, 859 (2008), a case with similar facts to *K.A.D. I.G.D.* held that "as no summons was *issued* to the juvenile in this case, we conclude that the trial court lacked subject matter jurisdiction, and vacate the order terminating respondent-father's parental rights[,]" 188 N.C. App. at 630, 655 S.E.2d at 859 (emphasis added), but went on to state that "DSS's failure to *serve* a summons on the juvenile compels our ruling in this case[.]" *Id.* (emphasis added). *I.G.D.* further

> note[d] that had DSS filed a *motion* to terminate in the ongoing juvenile abuse, neglect, and dependency case as provided by N.C.

---

5. The content of the underlying summons in *K.A.D.* is not precisely clear in the opinion of this Court, but is clear from a review of the records of this Court in case No. COA07-662. *See* footnote 2.

Gen. Stat. § 7B-1102, the issuance of a summons would not have been required. In such pending cases, a party seeking termination is only required to serve notice of the motion to terminate on the parties which are specified in N.C. Gen. Stat. § 7B-1106.1. Section 1106.1(a)(6) requires service of the notice on the juvenile only where the juvenile is age twelve or older.

*Id.* at 631, 655 S.E.2d at 859 (emphasis in original).

On 15 April 2008, this Court decided *In re J.A.P. & I.M.P*, 189 N.C. App. 683, 659 S.E.2d 14 (2008). In that case, summonses were issued with the names of *J.A.P.* and *I.M.P.* in the case caption, but the summonses did not name the juveniles as respondents. *Id.* at 683, 659 S.E.2d at 17. A guardian *ad litem* had been appointed for the juveniles. *Id.* The guardian *ad litem* was not served with a copy of the summonses; however, the attorney advocate for the guardian *ad litem* was served. *Id.* This Court held that where a juvenile's guardian *ad litem* is represented by an attorney advocate, service of the summons on the attorney advocate constitutes service on the guardian *ad litem*. *Id.* Further, *J.A.P.* held that service on the guardian *ad litem* constituted service on the juvenile, which in turn cured the failure of the trial court to issue a summons, vesting the court with subject matter jurisdiction when service on the guardian *ad litem* was combined with naming the juvenile in the caption of the summons. *Id.*

*J.A.P.* did not address the trial court's failure to *issue* a summons to the juvenile, holding

the record on appeal includes copies of summonses captioned: "In the Matter of: [J.A.P.]" and "In the Matter of: [I.M.P.]" The record also contains certifications by the Attorney Advocate for the Guardian *ad Litem* that she accepted service of process regarding both minors. . . . Thus, unlike in *C.T.* where no summons was issued regarding R.S., summonses were issued referencing both J.A.P. and I.M.P. Furthermore, unlike in *K.A.D.* where no summons was issued to the minor child, here, as in *J.B.*, summonses were accepted on behalf of the minor children by the attorney advocate for the children's guardian *ad litem*. . . . Accordingly, we conclude that the trial court had subject matter jurisdiction over these proceedings.

189 N.C. App. at 686, 659 S.E.2d at 17 (internal footnote and citations omitted). *J.A.P.* and *K.A.D.* cannot be reconciled, at least not without the potential of creating even more confusion for the trial

courts and practitioners in this area of the law.[6] *K.A.D.* held that *failure to issue* the summons to the juvenile as respondent is a defect which deprives the trial court of jurisdiction. 187 N.C. App. at 502, 653 S.E.2d at 428-29. *J.A.P.* held that service upon the guardian *ad litem* of a summons which was *issued* to a parent but "referenced" the juvenile's name in the caption was sufficient to cure the jurisdictional defect arising from the failure to issue a summons to the juvenile. 189 N.C. App. at 686, 659 S.E.2d at 17.

C. Application *Sub Judice*

The record *sub judice* shows three summonses issued on 1 February 2007 captioned as follows: "In the Matter of: [N.C.H.];" "In the Matter of: [G.D.H.];" and "In the Matter of: [D.G.H.]." None of those summonses were issued to the captioned juvenile as a respondent. The record also contains certifications from the guardian *ad litem* appointed for the juveniles that she was timely served with a copy of the summonses and the TPR petitions on 3 February 2007.

If the majority is correct in following *J.A.P.*, these facts would be sufficient to vest the trial court with subject matter jurisdiction to enter a TPR order as to all three juveniles. 189 N.C. App. at 686, 659 S.E.2d at 17. However, subject matter "[j]urisdiction rests upon the law and the law alone. It is *never* dependent upon the conduct of the parties." *T.R.P.*, 360 N.C. at 595, 636 S.E.2d at 793 (citation and

---

6. *J.A.P.* and *K.A.D.* could possibly be reconciled by construing the petition for termination in *J.A.P.* as a motion in the cause which would allow for issuance of notice rather than summonses. *See* N.C. Gen. Stat. § 7B-1102 (2007). The district court would have had jurisdiction over the termination proceeding in *J.A.P.* as a result of prior petitions alleging neglect of the subject juveniles. However, I would decline to reconcile the cases in this way because: (1) strictly interpreting the statutory requirements for subject matter jurisdiction, the title of the document requesting termination of parental rights is controlling, *In re S.F.*, 190 N.C. App. at 782-83, 660 S.E.2d at 927-28 (vacating an order terminating parental rights and admonishing DSS that it could have avoided the necessity of a summons to the juvenile if it had filed a *motion* rather than a petition, even though the case number of the petition was the same as the prior proceeding adjudicating the children as abused and neglected); (2) more than two years elapsed between the filing of the petition for an adjudication of neglect and the petition for termination of parental rights, N.C. Gen. Stat. § 7B-1102(b)(1)(c); and (3) the relaxed jurisdictional requirements of N.C. Gen. Stat. § 7B-1102 were not mentioned at all in *J.A.P.* as a basis for finding subject matter jurisdiction. 189 N.C. App. at 686, 659 S.E.2d at 17. In addition, if the title of the document which begins the termination of parental rights process, either as a motion or a petition, is not controlling, but the trial court must examine the substantive content of the document and the procedural history of DSS's involvement with the juvenile to determine whether it is *really* a petition or a motion, it would introduce even more uncertainty in this already conflicted area of the law.

quotation marks omitted) (emphasis added). Accordingly, I conclude that this case is controlled by *K.A.D.*, 187 N.C. App. at 503-04, 653 S.E.2d at 428-29, which is based upon *T.R.P.*, which strictly interpreted the statutes governing jurisdiction in a termination of parental rights case. The law requires that a summons be *issued to the juvenile*, no matter the age of the juvenile.[7] Because N.C. Gen. Stat. § 7B-1106(a)(5) requires the summons which has *already been issued* to the juvenile to be served on the guardian *ad litem, id., service* on the guardian *ad litem* is unavailing to cure the jurisdictional defect which arises from failure to *issue* a summons. *See C.T.*, 182 N.C. App. at 475, 643 S.E.2d at 25 ("[A] case . . . where a statutorily required summons was not *issued* regarding a proceeding concerning a juvenile [is] a situation different from that presented by technical defects in *service* of a summons." (Emphasis in original omitted, emphasis added.)); *Mitchell*, 126 N.C. App. at 433, 485 S.E.2d at 624 ("Where no summons is issued [in a juvenile action] the court acquires jurisdiction over neither the persons nor the subject matter of the action."). Accordingly, I conclude that N.C. Gen. Stat. § 7B-1106(a) mandates that the order terminating parental rights with respect to N.C.H., G.D.H. and D.G.H. be vacated for want of subject matter jurisdiction. I am aware that this result would have the potential to "introduce additional instability into the lives of at-risk children." *T.R.P.*, 360 N.C. at 599, 636 S.E.2d at 795 (Newby, J., dissenting). However, "[w]hen confronted with such a cause, the urge is strong to write into the statute exceptions that do not appear therein. In such case, we must bear in mind *Lord Campbell's* caution: Hard

---

7. Prior to 1 January 2002, the statute required that a summons be issued and served upon the juvenile only if the juvenile was age 12 or older. N.C. Gen. Stat. § 7B-1106(a)(5) (2001). However, the General Assembly amended subsection (5) with application to all actions filed on or after 1 January 2002 as follows:

> (5) The ~~juvenile, if the juvenile is 12 years of age or older at the time the petition is filed.~~juvenile. . . . Except that the summons and other pleadings or papers directed to the juvenile shall be served upon the juvenile's guardian ad litem if one has been appointed, service ~~Service~~ of the summons shall be completed as provided under the procedures established by ~~G.S. 1A-1, Rule 4(j); but~~G.S. 1A-1, Rule 4(j). But the parent of the juvenile shall not be deemed to be under_a disability even though the parent is a minor.

2001 N.C. Sess. Law 208.

Although I cannot speculate as to the General Assembly's rationale for requiring issuance of a summons to children under age 12, most of whom could not possibly have any comprehension of the meaning or significance of this piece of paper, the 2001 amendment clearly eliminated any limitation based upon the age of the juvenile, and this Court is bound by the statute as it is written.

cases must not make bad laws." *Shearin v. Lloyd,* 246 N.C. 363, 371, 98 S.E.2d 508, 514 (1957) (citation and quotation marks omitted). I respectfully dissent.